CHARLES HARKINS *vs.* THE BOARD OF SUPERVISORS OF SCOTT CO.

The Supreme Court of this State has no jurisdiction to issue an Alternative Writ of Mandamus.

In an application for a peremptory Writ of Mandamus to the Supreme Court *in banc*, or to either of the justices thereof at chambers, notice of such application must be served upon the Defendant a reasonable time before the hearing to enable him to resist the application. And the writ will not issue without notice, except in instances where the duty sought to be enforced is very clear, and public or private rights would be jeopardized by delay.

The peremptory Writ only issues in the first instance, when the moving papers preclude the possibility of any valid excuse being consistent with the facts therein contained.

This was an application for a Peremptory Writ of Mandamus against the Board of Supervisors of Scott County. The grounds upon which the application was made, appear in the opinion of the Court.

HENRY HINDS and M. E. AMES, Counsel for Petitioners.

L. M. & J. H. BROWN, Counsel for Respondents.

*By the Court.*—FLANDRAU, J.    Application by the Plaintiff as Register of Deeds elect, of the County of Scott, for a Peremptory Writ of Mandamus to compel the Board of Supervisors to take action upon his official Bond, and approve or disapprove of its sufficiency.

The writ of peremptory mandamus is one by which an act is commanded to be done absolutely, and a disobedience may be punished as for contempt.

The District Court have concurrent jurisdiction with the Supreme Court in granting this writ. *R. S. page* 425, *Sec.* 17, *as amended on page* 15 *of amendments*, and from their decision an appeal may be taken to this Court. Before the adoption of the Constitution, the justices of the Supreme Court could issue alternative writs of mandamus, and if an issue of fact was joined thereon, they could summon a jury and try it, and the trial was held in the same manner as of a civil action in the District Court. *R. S.* 424, *Sec.* 12, 13 *and* 14.

Since the Constitution, there can be no trial by jury in the Supreme Court. *Const. Art.* 6, *Sec.* 2. As the Defendant in a proceeding by alternative writ of mandamus is entitled to have a trial by jury if he demands it, it follows that the Supreme

Court has lost jurisdiction of the alternative writ, as a Court cannot take jurisdiction of an action in which it has not power to proceed to final judgment. Under this view of the law this Court has adopted the rule that in all cases of an application for a peremptory writ of mandamus, either to the Court *in banc*, or to either of the justices at Chambers, notice of the application must be served on the Defendant a reasonable time before the hearing, to enable him to resist the application. This rule is based upon the fact that there can be no appeal from a peremptory writ granted by a Justice of the Supreme Court, and the power is found in *Sec.* 8, *page* 424, *of the R. S.* which provides that "the motion for the writ, the allowance, and the service thereof and the enforcement of obedience thereto must be such as the Court shall direct."

If a District Judge make a mistake in the allowance of such a writ, the error can be corrected on appeal, but a similar mistake by a Justice of this Court would leave a party without redress. The rule will be salutary in its effect as a protection to the Court, as well as the suitor.

Where applications have been made for the writ to this Court, it has been an universal custom to make an order that the Defendant have notice ; the rule will be satisfied however if the party has been notified previous to the application. This rule will be adhered to, save in instances where the duty sought to be enforced is very clear, and public or private rights would be jeopardized by delay. These comments are made here as a guide for future practice in this Court.

The Plaintiff moves upon an affidavit which alleges that he was elected to the office of Register of Deeds of Scott County at the general election of 1858, to fill a vacancy occasioned by the resignation of the prior incumbent of that office. That he gave an official bond on the 16th day of December 1858, with good and sufficient sureties, and presented said bond to the Board of Supervisors for their action thereon, of approval or disapproval of the sufficiency of the sureties ; and that said Board by resolution refused to receive the same or to consider the sufficiency of the sureties therein, and still refuse.

A copy of the bond is attached, and also certificates of election of the Plaintiff, and his oath.

Does this affidavit contain such facts as in the words of the Statute (*R. S. p.* 424, *Sec.* 7,) make "the right to require the performance of the act clear," and render it "apparent that no valid excuse can be given for not performing it?" The peremptory writ only issues in the first instance, when the moving papers preclude the possibility of any valid excuse being consistent with the facts therein contained.

In this case it does not appear that the Board knew the sureties or the principal to the bond, or that they had any means afforded them of knowing or ascertaining the genuineness of the signatures to the same, or the pecuniary qualifications of the sureties. The Board had not only a valid excuse for not receiving and acting upon such a bond, but were certainly correct in rejecting it altogether, until they were enlightened on these several points. The bond should have been authenticated by acknowledgment before some proper officer, and the sureties have justified by affidavit at least, before the Board could be compelled to act. But I do not mean to decide that they would not even then should they demand it, be entitled to a personal examination of the sureties, to ascertain their sufficiency.

Perhaps the Board may have refused from entirely different motives from those suggested above, but while the moving papers leave them with such an excuse to fall back upon, they cannot be compelled by writ of mandamus.

The writ is denied, with ten dollars costs to the Defendants.