CHRISTIAN PRIGNITZ *vs.* RICHARD FISCHER.

To authorize the issuing of a writ of prohibition by this Court, it should clearly appear that the inferior court is about to proceed in some matter over which it possesses no jurisdiction, and this may be made to appear by setting out the acts or declarations of the Court or officer, which indicate his intention to pursue such a course.  But the mere fact that a motion is noticed to be made before a Court Commissioner, (over which he would have no jurisdiction,) will not authorize the writ, as this Court will not presume that a Commissioner would hear the motion under objection.

This Court cannot issue a writ of prohibition in such form as will entitle the parties to join issue upon the return, and have it tried by a jury, but will issue it in the first instance as an order, to show cause, to which a return may be made, which may be controverted by affidavits, as in other motions.

*By the Court*—FLANDRAU, J.   Application for a writ of prohibition to restrain the Defendant who is Court Commissioner for the county of Brown, from proceeding to hear and determine a motion to set aside a demurrer to a complaint, and for judgment as for want of an answer in an action pending in the District Court for Brown county.   It does not appear from the affidavit upon which this application is founded, that the Court Commissioner intends to entertain the motion which is noticed for a hearing before him, and we cannot presume that he will persist in ʿdoing so if the proper objection to his jurisdiction is made by the opposing party.   This court has directly decided in the cases of *Gere vs. Weed and Avery*, 3 *Minnesota Rep.* 352, *and Pulver vs. Grooves, ib.* 359, that Court Commissioners have no jurisdiction in such matters, and we feel bound to presume that the inferior tribunals of the State will conform their action to such ruling and decision. The mere fact that the Plaintiff's counsel has noticed the motion for hearing before the Court Commissioner, does not prove that he will insist upon entertaining it.   To authorize the issuing of a writ of prohibition by this court, it should be clearly made to appear that the inferior court is about to proceed in some matter over which it possesses no jurisdiction.   This may be made to appear by setting out any acts or declarations of the court or officer which indicate his intention to pursue such a course.

The trial of an issue joined upon the return of a writ of prohibition is to be conducted and judgment rendered thereon as in a mandamus, *Comp. Stat. p.* 634, *Sec.* 20, since the adoption of the Constitution there can be no trial by jury in this court, *Const., Art.* 6, *Sec.* 2.   Therefore, as a party is entitled to a jury trial on an issue being made up, upon an alternative mandamus, (*Comp. Stats., p.* 633, *Sec.* 13) this court has decided that it has no jurisdiction of that writ, *Harkins vs. Supervisors of Scott County*, 2 *Minn.* 342; *same vs. Sencerbox, ib.* 344, and by analagy we cannot issue the writ of prohibition under such form as will entitle the parties to join an issue upon the return and have it tried by a jury.   As the writ is a highly useful one, and can only be issued by this court, we cannot suppose that the Constitution designed to abolish it altogether.

We therefore place such an interpretation upon the act as modified by the Constitution, as will allow this court to issue the writ in the first place as an order to show cause, to which a return may be made, and the return controverted by affidavits as in other motions; by adopting this practice the merits can in all cases be litigated and justice done.

The affidavit in this case is not sufficient to justify the issuing of the preliminary or alternative writ, and we deny the motion.