R. F. CROWELL vs. E. C. LAMBERT.

The Supreme Court has authority to issue the peremptory writ of mandamus.

A County Auditor may act by deputy in the canvass of votes.

Where, upon the canvass of votes cast at a general election, C. was declared duly elected to the office of Judge of Probate, received a certificate, qualified as by law required, and made a demand upon his predecessor for the books, &c., of the office, it appearing that L.'s term of office had expired; *Held*—that upon the refusal of L. to deliver up the records, C. was entitled to a peremptory writ of mandamus to enforce the delivery.

APPLICATION FOR A PEREMPTORY MANDAMUS.

The petitioner, R. F. Crowell, claimed to have been duly elected to the office of Judge of Probate for Ramsey County, at the general election of 1864, by a majority over his competitor, E. C. Lambert, then the incumbent of said office, and whose term of office expired on the first day of January, 1865. A certificate of election in due form was issued to R. F. Crowell, signed by the *deputy* of the County Auditor, and Crowell in due season filed his oath of office, and executed a proper bond with surety as required by the statute. After the expiration of the term of office of Lambert, Crowell demanded the books, papers, &c., appertaining to the office of Lambert, who refused to deliver them to him. Lambert also in due time gave notice of contest of the election of Crowell, which was pending at the time of the application for the mandamus.

The petition set up the facts showing Crowell's title to the office, and the demand and refusal to deliver up the books, papers, &c., to him. To the petition were attached the original return or

certificate of election issued to Crowell, and copies of the oath of office, bond, &c., as exhibits, all of which was sworn to. Upon which an order was obtained and served on Lambert to show cause why a peremptory mandamus should not issue as prayed.

Counter affidavits were interposed by Lambert controverting the election of Crowell, and setting up the contest still pending. The authenticity of the certificate of election, however, was not denied, but claimed to be invalid, because signed by a deputy and not by the principal officer himself. The fact that a general election had been held, that Crowell had duly qualified and made the demand as stated, and the refusal to comply therewith, was not denied; but it was claimed that the contest pending, suspended or stayed the right of Crowell to take possession of the office until the contest should be determined, and that the title of Crowell to the office as set up in his petition was so far controverted by the counter affidavits, as to forbid further proceedings on the part of the Supreme Court.

The counsel for the respondent also made a preliminary motion to dismiss the proceedings upon an alleged defect of jurisdiction, which was argued in connection with the argument on the merits.

H. J. HORN for the Petitioner.

I.—The mandamus in this case is authorized under *Sec.* 4, *of Chap.* 73, *Pub. Stat.*, *page* 632, to compel the performance of a duty resulting from an office. *Sec.* 4, *Chap.* 7, *Pub. Stat.*, 165.

II.—Although the defendant has studiously attempted to put in issue the title set up by Mr. Crowell to the office, he does not controvert the *genuineness* or *authenticity of the original certificate of election* of Mr. Crowell annexed to the petition. This certificate is sufficient in form and substance, is under the seal of the County Auditor, and attested by the County Auditor acting by his deputy. He does not controvert the fact that Mr. Crowell entered into bond and took the oath of office.

He does not controvert the demand made upon him, and his refusal to deliver the books, &c., or that he has possession thereof.

He in one place denies that a canvass was made of the vote, and in another place admits that a canvass was made, but alleges it was made by unauthorized persons without stating what officers made it, or the facts by which the Court might judge of the regularity (if necessary) of the canvass.

He again admits the authority of the canvassing board to act, by the fact of his having appealed from its decision and contested the election.

The facts not controverted by the defendant are sufficient to call for the issuance of the writ.

III.—The return or certificate of election of Mr. Crowell is valid on its face, and issued by the proper officer.  *Sec.* 32, *Chap.* 15, *Session Laws of* 1861, *pages* 108, 109; *Sec.* 57, *Chap.* 2, *Session Laws of* 1860, *page* 65.

The attestation by the Deputy County Auditor is sufficient. The County Auditor having authority to appoint a deputy, and being but a ministerial officer, (*Secs.* 7, 9, 25, *of Chap.* 2, *Session Laws of* 1860, *pages* 54, 58,) clearly recognizes the authority to appoint a deputy.

IV.—The official return is conclusive of the right in Crowell to the office until it is set aside by due course of law, and the contest of the election does not stay or suspend this right.  *Secs.* 136, 235, 231, 240, *Cushing; People vs. Stevens,* 5 *Hill,* 621, *and authorities cited.*

The mode of contesting the election of Judge of Probate is essentially the same as contesting that of a member of the Legislature, except that the former is in the nature of an appeal to the District Court, the latter to the Legislative body.  There is nothing in the statute staying or suspending the entry into office of the officer or member returned.  *Secs.* 31, 49, 52, *Chap.* 15, *Session Laws of* 1861, *pages* 108, 114, 115.

It cannot be pretended that the Legislature intended to change the well settled rule, that a member of the Legislature returned and qualified is entitled to his seat pending a contest, and until the return is set aside by the course of law—for otherwise every mem-

ber elect of the Legislature might be prevented from taking his seat during the session of the Legislature by a contest.

The statute, it will be observed, draws no distinction whatever between the case of the contested election of a member of the Legislature and that of Probate Judge, which, therefore, must be governed by the same rule.

V.—The said defendant shows no right to the office. It appears that the term of his office commenced not later than the 1st of January, 1863, having been elected in the fall of 1862. His term being but for two years, (not two years and until a successor is qualified), (sec. 7, art. 6, State Constitution, 44), expired on the first of January, 1865. He claims to have been elected, but he does not claim to have been returned as elected, nor does he hold a certificate of election, nor has he qualified. If, therefore, the contest suspends Mr. Crowell's right to the office, there would be a vacancy, for Mr. Lambert shows no present right. Nay, more, the contest might possibly be protracted by appealing the decision of the District Court to the Supreme Court, during a full term of office, leaving the office vacant during the whole term. Such a result certainly was not contemplated by the Legislature.

By the Court—BERRY, J.—This was an application for a peremptory mandamus. A motion was made on behalf of the defendant, Lambert, to dismiss the proceedings on the ground that this Court had no jurisdiction to issue the writ of mandamus save to a District Court or District Judge. Section 2, Art. 6, of the Constitution declares that the Supreme Court "shall have original jurisdiction in such remedial cases as may be prescribed by law, * * * * but there shall be no trial by jury in said Courts." Section 5 of the same article provides that " the District Courts shal have original jurisdiction in all civil cases, both in law and equity," &c. In both cases the jurisdiction conferred is original, and so the word "original" cannot be used in the sense of exclusive. By Sec. 4, page 475, Pub. Stat., the Supreme Court is empowered to issue writs of mandamus to all courts of inferior juris-

diction, and to individuals, &c.   *Sec.* 17, *page* 633, *Pub. Stat.*, enacts that "the several District Courts of this Territory shall have original jurisdiction in cases of mandamus," &c.   Under this state of the law it is clear that the Supreme Court possessed jurisdiction concurrently with the District Courts over mandamus proceedings, except that there could be no trial by jury in the Supreme Court. . See *Harkins vs. Board of Supervisors of Scott Co.*, 2 *Minn.*, 342.   And here again it is to be noticed that the word "original" in section 17 above cited, was not intended to confer exclusive jurisdiction on the District Courts, because in sections 12 and 13 of the same chapter the authority of the Supreme Court to issue writs of mandamus is expressly recognized. But the defendant contends that the power of the Supreme Court in matters of this nature, depending as it does under the Constitution wholly upon legislation, has been cut off by *Chap.* 18, *page* 71, *Laws of* 1862.   This chapter takes away in terms from the Supreme Court the right to try an issue of fact raised in a mandamus proceeding, or to order the trial of such issue by a jury. In the view taken by the Court in the case cited from 2 *Minn.*, this had already been done by the Constitution.   But *Sec.* 3 *of the act of* 1862 goes on to provide that "the several District Courts of this State shall have original jurisdiction in all cases of mandamus, except in cases where such writ is to be directed to one of said District Courts or a Judge thereof in his special capacity, in which case the Supreme Court shall have jurisdiction," &c.   The counsel for the defendant insists that here the word "original" is used in the sense of *exclusive.*   We perceive no reason why the word should be taken in that sense here any more than in the Constitution or the public statutes, where, as we have already shown, it certainly cannot have that meaning.   In our view the main purpose of the act of 1862 was to make the statutes correspond in reference to the trial of issues of fact by the Supreme Court with the provision of the Constitution and the decision in 2 *Minn.* before referred to, and in addition to point out with more particularity what proceedings should be had where a mandamus was issued by the Supreme Court to a District Court or

Judge. If it had been the intention of the Legislature to deprive this court of the general power to issue the writ except when directed to a District Court or Judge, this might have been done directly in a very few words. But we find nothing to this effect. The motion to dismiss was accordingly overruled.

To come to the merits of the controversy, it appears that the defendant, Lambert, was elected to the office of Judge of Probate for Ramsey county, at the general election in 1862, that his term of office commenced as early as the first day of January, 1863, and expired as soon as the first day of January, 1865. The Constitution declares that Judges of Probate shall be elected for the term of two years, while it does not provide that a Judge of Probate shall hold his office until his successor is elected and qualified, as in the case of Judges of the Supreme Court. 9 *Minn.*, 283 ; 8 *Abb. Pr. R.* 359. Under this state of facts it would seem that from the time when Lambert's term expired under his election in 1862, and until his successor was inducted, there was *de jure* a vacancy in the office. Upon the election in 1864 Lambert was not returned as elected, nor was any certificate issued to him, nor does he appear to have qualified. On the other hand, it is alleged in the petition, and not denied by the defendant, that there was a general election held in 1864, in and for the county of Ramsey, and also in general terms that the vote was canvassed (without stating by whom), and that the petitioner was returned as having received a majority of votes cast for the office of Judge of Probate. The defendant in his affidavit admits that there was a canvass made by " three unauthorized persons, neither of whom, " in his own language, " was the County Auditor or a Justice of the Peace of said county, taken to the assistance of the County Auditor by the County Auditor," who assumed to act as a County Canvassing Board and declared Crowell elected at the close of their canvass. Now all that is contained in this denial might be true construed together, and yet the canvass might have been made by the deputy County Auditor and two competent Justices of the Peace taken to *his* assistance. The plaintiff deposes that the certificate of election which is set out *in haec verba*, was issued to him. That

certificate was signed by the County Auditor by his deputy, and the seal of the County Auditor affixed. The defendant denies "that any such alleged certificate was ever tested or signed by the County Auditor of said county under the seal of said County Auditor or otherwise." This is not a denial of the allegation of the petition that a certificate was issued to him signed and sealed by the County Auditor by his deputy. The sufficiency of the averments of the petition in this regard depends upon the authority of a County Auditor to act by deputy in such cases. The duties of the Auditor so far as this case is concerned are purely ministerial, and there is no inconsiderable authority for the doctrine that in the absence of statutory prohibition a "ministerial office may be executed by deputy." 2 *Bl. Com.* (36); *Blackwell on Tax Titles,* 443; *Bouvier's Law Dic.,* 447, *Title, Deputy.* But aside from this the office of deputy County Auditor is expressly recognized in *Secs.* 7, 9 *and* 25, *Chap.* 2, *Laws* 1860, and there is no statutory limitation of his power. It is also stated in the petition, and not denied in the affidavit of the defendant, that Crowell qualified as required by law, and that he made a proper demand of the books, papers, &c., belonging to the office of Judge of Probate.

We think that the other allegations of the petition which are denied by the defendant may be regarded as surplusage.

On the facts appearing from the petition as to which no issues are properly raised, we conclude that the plaintiff is entitled to the writ of peremptory mandamus. Some points were made by the defendant which we do not deem it necessary to dwell upon. On the whole it may be said that the question here is not who will be entitled to the office on an examination into the merits of the election, but who is *now* entitled to the possession of the books and papers appertaining to the office. The person holding the certificate is, under the circumstances of the case, *prima facie* the officer, and therefore *prima facie* entitled to the insignia and records of the office. In such cases the writ of mandamus is a peculiarly proper, adequate and speedy remedy, and perhaps the only one by which to enforce the delivery of the books, &c.

We do not deem it necessary to point out the inconveniences resulting in some cases in a total denial of justice, which would follow if a party situated as the plaintiff is in this case, were compelled to await the result of the election contest provided for by statute—a contest which might be prolonged until the term for which he was elected had expired. The conclusions to which we have arrived are abundantly sustained in *The People vs. Head,* 25 *Ill.,* 325, a case which presents a remarkable analogy to the case before us, both in its facts and in the questions raised upon the trial. See also *Jones vs. Kilduff,* 15 *Ill.,* 502 ; *People vs. Hilliard,* 29 *Ill.,* 414 ; 21 *Pick.,* 151.

Peremptory mandamus awarded.

