SARAH A. BERGEN v. MARION P. ANDERSON.[1]

Oct. 15, 1895.

Nos. 9053—(258).

### Special Assessment—City of St. Paul—Notice of Redemption.

That part of section 139 of the Municipal Code of 1893 of the city of St. Paul, which provides that the city treasurer "shall at least three months before the expiration of the time for" redemption from a special assessment sale "cause to be published * * * once a week for six successive weeks" a certain list and notice, is not affected or controlled by the proviso found in section 122 of said Code, which enacts "that the time specified for the publication of any notice * * * shall commence with the first publication." The publication of the list and notice required by section 139 must be fully completed three months, at least, prior to the expiration of the redemption period.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., sustaining plaintiff's demurrer to the answer. Affirmed.

*Samuel A. Anderson*, for appellant.

*A. C. Hickman* and *Daniel W. Doty*, for respondent.

COLLINS, J. By section 139 of the Municipal Code of 1893 of the city of St. Paul, it is enacted that: "The city treasurer shall, at least three (3) months before the expiration of the time for re-

[1] Reported in 64 N. W. 561.

deeming any lot or parcel of land aforesaid, cause to be published in the official paper of said city once (1) a week for six (6) successive weeks, a list of all unredeemed lots or parcels of land, specifying each tract or parcel, the name of the person to whom assessed, if to any, and the amount of the assessment, charges and interest, calculated to the last day of redemption, due on each lot or parcel, together with notice that unless such lots or parcels of land be redeemed on or before the day limited therefor, specifying the same, they will be conveyed to the purchaser." A proviso in section 122 of the same Code is as follows: "And provided, further, that the time specified for the publication of any notice required to be published in the official paper of said city under the city charter, or any of the provisions of the amendments thereto, shall commence with the first publication."

The question now before us is whether section 139 is to be construed independently of section 122. If it is, the publication of the list and notice therein prescribed must be fully completed at least three months prior to the expiration of the time for redemption. Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614. If, upon the other hand, section 122 affects and controls the publication specified in section 139, the law is complied with if the first of the publications is prior to the commencement of this three-months period. We agree with the court below that section 139 must be regarded as standing alone, absolutely unaffected by the provisions found in section 122, for we are at a loss to discover how the language used in the latter can regulate and control that in the former section, except by an unreasonable and arbitrary application.

Section 139 requires that at least three months before the expiration of the time for redemption the specified list and notice shall be published once a week for six successive weeks. Section 122 enacts that the time specified for the publication of notices shall commence with the first publication. The time specified for publishing the list and notice mentioned in section 139 is not three months, but is once a week for six weeks. The treasurer is not required to give three months' notice of the expiration of the time for redemption by publication once a week for six successive weeks. If this was the wording of the charter provision, section 122 would be applicable, and its language directly in point. Upon examina-

tion of the city charter, especially that part relating to special assessments, we find the phraseology of section 139 peculiarly distinctive. The requirement, when notice is to be given by publication, is usually that such notice shall be given a specified number of days by a specified number of publications in the official newspaper,—language entirely different from that in section 139. There are a large number of notices required to be published to which the terms of section 122 are plainly applicable, and one of these was considered in Fairchild v. City of St. Paul, 46 Minn. 540, 49 N. W. 325. Counsel for appellant calls special attention to the fact that it is expressly enacted in a part of section 122, not included in our quotation, that the provisions of the section shall extend to and embrace all notices required to be given by the city treasurer. It does not follow that by this expression we are compelled to make a forced and unreasonable construction of language that we may include all notices, no matter what may be their character, and especially when it is a fact that the treasurer is required to give many notices to which the wording of section 122 is easily applied.

Order affirmed.