JOHN J. FLANAGAN v. CITY OF ST. PAUL.[1]

June 30, 1896.

Nos. 9933—(203).

| 65 | 347 |
| 77 | 346 |
| 65 | 347 |
| 79 | 32 |

City of St. Paul—Sale for Special Assessments—Notice of Expiration of Time for Redemption.

The charter of the city of St. Paul provides that land sold on a judgment for certain assessments of taxes for local improvements may be redeemed at any time within five years after the sale. It also provides that a three-months notice of the time of the expiration of redemption shall be published six weeks. The city treasurer attempted to give such notice, which was void,

---

[1] Reported in 68 N. W. 47.

for the reasons stated in Bergen v. Anderson, 62 Minn. 232. *Held*, a new notice may be given after the expiration of the five years.

**Same—Certificate of Sale Set Aside—Action to Recover Amount Bid.**
    The charter also provides that when the tax deed or certificate of sale is set aside in any action in which its validity is brought in question, the holder may recover from the city the amount bid at the sale and certain interest. *Held*, the setting aside of the tax deed or certificate in such a prior action is a condition precedent to the right to maintain the action against the city.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., overruling a demurrer to the answer. Affirmed.

*Charles J. Berryhill*, for appellant.

*E. J. Darragh* and *Hermon W. Phillips*, for respondent.

CANTY, J.    The plaintiff is the holder of two certificates issued on the tax sale of July 18, 1888, by the city treasurer of St. Paul, which sale was made to enforce payment of taxes assessed for local improvements, under certain provisions of the charter of the city of St. Paul. Notice of the time of expiration of redemption was given in the same manner as in the case of Bergen v. Anderson, 62 Minn. 232, 64 N. W. 561.    Therefore, as we held in that case, the notice was void. Notwithstanding that, the city officers, after the end of the five-years redemption period, issued deeds to plaintiff for the parcels of land so sold.    He claims that the deeds so issued to him are void, and that the time has passed in which any new notice of the time of expiration of redemption can be given, and that the tax sale has lapsed, and is therefore void.    On the strength of these propositions he brought this action to recover back from the city the amount of taxes which he has so paid, and appeals from an order overruling the demurrer of plaintiff to the answer.

We are of the opinion that the order appealed from should be sustained for two reasons:

1. The tax sale satisfied the tax judgment, and, if the sale has lapsed, there is a total forfeiture of the claim for taxes. Sp. Laws 1887, c. 7, subc. 7, tit. 1, § 47, provides that any parcel of land so sold "may be redeemed at any time within five years from the date of the sale by any person having any interest therein. * * *" It also provides that the notice of the time of expiration of redemption, specifying the last day for such redemption, shall be given. The treasurer must ascertain from his records all of the parcels sold for taxes

which remain unredeemed, and of his own motion proceed to give this notice, which we held in Bergen v. Anderson should be published once a week for six successive weeks, the publication to be complete at least three months before the day specified in the notice as that on which the right to redeem shall expire. If appellant's position is correct, the failure to specify in such notice, as such time, the last day of the five years, causes the tax sale to lapse and become void. As before stated, the judgment has been satisfied by the sale; therefore there cannot be, as appellant contends, a resale on that judgment. It follows that all right to the tax for which the judgment was enter-ed and the land sold would be totally lost and forfeited by reason of any one of a large number of irregularities, oversights, and omissions of the city treasurer. We cannot hold that the legislature ever in-tended such a result. The statute should be construed so as to pre-vent a forfeiture, unless it is plain that such is not the intent of the legislature. The utmost effect we can give to the failure of the treas-urer to do his duty is to extend the time of redemption to the time specified in a notice properly given, and we must hold that such time may be after the end of the five years.

2. Section 50 of the same act as amended in 1889 (Sp. Laws 1889, c. 32) provides:

"That in any action heretofore or hereafter commenced in which the validity of a deed or certificate of sale issued under this act is brought into question, and on account of any irregularities the same shall be set aside, the party holding such deed or certificate of sale shall recover from the city of Saint Paul the amount paid by the pur-chaser at the sale, or by the assignee of the city on taking an assign-ment certificate, with interest at the rate of seven (7) per cent. per annum from the date of such payment. Such amount shall be paid out of the city treasury upon the order of the common council of said city. * * *"

This is the provision of statute on which plaintiff founds his right to recover back from the city the money paid by him, but he does not allege that his tax deed or certificate of sale was ever set aside or held void in any prior action. The statute clearly makes this a condition precedent to the recovery back from the city of the money paid on the tax sale.

The order appealed from is affirmed, but, as respondent did not file its brief three days before the day of argument, as required by the rules of this court, it will not be allowed to tax statutory costs.