MERCHANTS' REALTY COMPANY v. CITY OF ST. PAUL.

August 1, 1899.

| 77 | 343 |
|----|-----|
| 82 | 277 |

Nos. 11,689—(217).

## City of St. Paul—Sale for Unpaid Local Assessment—Expiration of Time to Redeem—New Notice.

The charter of St. Paul provides that land sold for special assessments of taxes for local improvements may be redeemed within five years, but the time to redeem does not expire until a certain notice is published by the city officials; and, if a deed or certificate of tax sale is set aside in any action on account of any irregularities, the holder of the deed or certificate shall recover from the city the amount paid by him at the tax sale, or paid to the city on taking an assignment from it of a certificate issued to it if the land was bid in by it at the tax sale. Plaintiff took such an assignment. Near the end of the five years, the city gave a notice of expiration of redemption, and after the five years issued a deed to plaintiff, which was void because the notice was not properly given, and was held void in an action between plaintiff and the owner of the land; but the certificate issued to him was not held void. Thereupon this action was brought to recover from the city. *Held*, the city could give a new notice of expiration of redemption after the five years, and issue a new deed after the time to redeem expired (following Flanagan v. City of St. Paul, 65 Minn. 347); that the city is entitled to a reasonable time in which to give the new notice and issue the new deed; that it cannot be said, as a question of law, that under all the circumstances more than

·such a reasonable time elapsed before the commencement of this action; and that the court below did not err in holding that plaintiff is not entitled to recover.

**Same—Description.**

> The land is situated in Bazille & Roberts' addition to West St. Paul, in said city, but is described in the tax proceedings as being in Bazille & Roberts' addition in St. Paul. There is no other Bazille & Roberts' addition in the city. *Held*, the description is sufficient.

Action in the district court for Ramsey county to recover $1,602.-88 as reimbursement on account of an invalid tax deed. The case was tried before Jaggard, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Daniel W. Doty*, for appellant.

*James E. Markham* and *Carl Taylor*, for respondent.

CANTY, J.

The facts in this case are undisputed. The plaintiff's assignor, on January 31, 1889, paid into the treasury of the defendant city $1,-602.88, in consideration of the assignment to him of a certain tax certificate of sale of the lot therein described. The certificate was assigned to the plaintiff, which, on March 11, 1895, surrendered it to the city comptroller, and a tax deed was issued to it for the lot. Upon receiving the deed, the plaintiff, in April, 1895, went into possession of the lot, and thereafter, in September, 1898, brought suit against the holder of the record title to determine his adverse claim. The defendant in that action, in his answer, denied the plaintiff's title, alleged title in himself, and demanded affirmative relief to the effect that he recover possession of the lot; and no claim is here made that the action was not brought and prosecuted in good faith. On the trial of the precedent action, the plaintiff, to establish its title, offered the tax deed in evidence, to which the defendant.objected on the ground that notice of the expiration of redemption had not been given before the deed was issued, and on the ground of seven other irregularities claimed to appear on the face of the deed, which rendered it void. The court refused to receive the deed in evidence, but did not state on which of the grounds urged the objection to the admission of the deed in evidence was sustained.

The judgment in the precedent action was entered in December, 1898, and adjudged that the plaintiff was not the owner of the lot, but that the defendant was, and was entitled to the possession thereof; but neither the findings nor judgment made any reference to the tax deed or proceedings. The plaintiff had and claimed on the trial of the precedent action no other title except by virtue of the tax deed.

1. Section 142, Municipal Code of St. Paul (Sp. Laws 1889, c. 32, § 50, p. 590), provides as follows:

"That in any action heretofore or hereafter commenced in which the validity of a deed or certificate of sale issued under this act is brought into question, and on account of any irregularities, the same shall be set aside, the party holding such deed or certificate of sale shall recover from the city of St. Paul the amount paid by the purchaser at the sale, or by the assignee of the city on taking an assignment certificate, with interest at the rate of seven (7) per cent. per annum from the date of such payment. Such amount shall be paid out of the city treasury upon the order of the common council of said city."

It will be observed that the holder of the tax certificate or deed can recover from the city only when such certificate or deed is set aside "on account of any irregularities." The language here employed is essentially different from that used in G. S. 1894, § 1610. The city does not agree to defend the lien or title which it assigns or conveys under its charter, and it may be a question whether the city is bound by the result of the precedent action mentioned in section 142, unless there was in fact an actual irregularity on which the court was in such precedent action warranted in setting aside the certificate or deed. But that question has not been argued, and it is not necessary to decide it here.

At most, but two irregularities, or alleged irregularities, were made to appear affirmatively in this action as irregularities on which the court in the precedent action was warranted in setting aside the deed. One of these irregularities is that the deed is void on its face for the want of proper recitals of the prior proceedings on which it is founded. (Such prior proceedings were not introduced in evidence in the precedent action.) It is not necessary to consider the sufficiency of this alleged irregularity, because, in any

event, the deed is in fact void, and was properly set aside because of the other irregularity, which is that no sufficient notice of the time of expiration of redemption was given, and the deed is therefore void, as held in Bergen v. Anderson, 62 Minn. 232, 64 N. W. 561.

No other irregularities appearing, the action of the court in setting aside the deed in the former suit will be referred to such irregularities as do appear and are sufficient ground to warrant the court in rightfully setting the deed aside. But those two irregularities affect the deed alone, and do not affect the certificate which plaintiff purchased from the city. We held, in Flanagan v. City of St. Paul, 65 Minn. 347, 68 N. W. 47, that if the city treasurer fails to give the proper notice to cut off the time for redemption at the end of the five years, the notice may be given afterwards, and the time to redeem terminated at a date subsequent thereto. It therefore follows that plaintiff's certificate has not yet been merged in a deed, and has not yet become functus officio, because no valid deed has yet been issued. Neither was this certificate set aside, either directly or indirectly, in the precedent action.

But plaintiff claims that under the above-quoted language of the statute it is entitled to refundment from the city whenever its certificate or its deed is set aside for any such an irregularity; that it is not necessary, under the wording of the statute, that both the deed and the certificate be so set aside. This position is very plausible, but is not, in our opinion, warranted by a proper analysis and construction of the different provisions of the statute. Said section 142 is section 50, tit. 1, subc. 7, c. 7, Sp. Laws 1887 (as so amended in 1889). Section 45 provides that, if no one else bids at the tax sale the amount due, the lot or parcel

"Shall be struck off to the city; and thereupon the city shall receive, in the corporate name, a certificate of the sale thereof and shall be vested with the same rights as other purchasers at such sales."

The statute provides that this certificate is assignable, and other provisions of the statute contemplate that, if the purchaser from the city makes his purchase before the time to redeem expires, he shall take an assignment of this certificate; but, if he makes his pur-

chase after such time expires, he shall take from the city a deed of the lot or parcel.   The above-quoted provisions of section 142 apply both to cases where the purchaser took a certificate in the first instance and to cases where he took a deed in the first instance.   In order to cover both classes of cases, the language of the statute was made somewhat broad and general.   In the present case the plaintiff purchased before the time to redeem expired, and received from the city an assignment of the certificate, which we must hold to be' valid.   No proper notice was given by the city officials terminating the time to redeem at the end of the five years; therefore the deed subsequently issued is void.   But the delivery of the certificate at the time of receiving the void deed did not have the effect of cancelling the certificate.

By the terms of the contract between plaintiff and the city, the city should, of its own motion, have terminated the time to redeem at the end of the five years.   But this provision of the contract is a condition subsequent, and for the purposes of forfeiture or rescission such conditions are construed more strictly than are conditions precedent.   In executing the deed, the city officials did not act merely as the agents of the city.   They acted as agents or trustees for all parties,—for the city, the plaintiff, and the owner of the equity of redemption,—just as the sheriff on a foreclosure sale under the power acts as agent or trustee for all parties.   When the five years expired, and the plaintiff applied for the deed, the city officials should have said to plaintiff:  "We owe it as a duty to the owner of the equity of redemption to refuse to execute this deed to you, and thereby cloud his title, or embarrass him with a void deed."   If the city officials had thus refused, plaintiff could not have compelled them to execute the deed.   A deed which never existed could not have been set aside in the precedent action, and plaintiff could never have maintained that action.

Under these circumstances, plaintiff cannot found a cause of action on the fact that he procured from the city officials a void deed, which he had no right to demand, and they had no authority to issue.   Neither can it be held that the above-quoted provisions of the statute apply to such a deed.   The deed mentioned in those provisions is the deed which is the subject of the purchase from the

city, or a deed which, under the contract, the purchaser has a right to demand that the city officials shall subsequently issue to him. But he has no right to demand that they subsequently issue to him a void deed, which, under the law, they are not authorized to issue. True, the city cannot avoid its liability for refundment to the purchaser of a certificate by failing for an unreasonable length of time to perform the condition subsequent in the contract, by which the city agreed to cut off the time to redeem. The city cannot, in this manner, deprive the purchaser for an unreasonable length of time of an opportunity to test his rights, and ascertain whether or not he is entitled to such refundment. But the fact that plaintiff received the void deed, retained it, and made no demand for a valid deed and no objection to the void deed until it commenced this action, should be taken into consideration in determining what, under all the circumstances, is a reasonable time in which the city should give a proper notice of the expiration of the time to redeem, and issue a valid deed. Plaintiff's acquiescence in what had been done is a proper element to be considered in determining what is such a reasonable time. Under all the circumstances, we cannot say that more than a reasonable time elapsed before the commencement of this action.

2. The land in controversy is lot 1, block 5, in Bazille & Roberts' addition to West St. Paul, in the city of St. Paul. It is described in the tax proceeding and in the certificate and tax deed as "lot 1, block 5, in Bazille & Roberts' addition to (or in) St. Paul." There is no other addition in the city known as "Bazille & Roberts' Addition." In our opinion, the description is sufficient, even in proceedings in invitum. This disposes of the case.

The order denying a new trial should be affirmed. So ordered.