GUSTAV WILLIUS v. CITY OF ST. PAUL.[1]

January 18, 1901.

Nos. 12,317—(192).

**Unpaid Local Assessment—Judgment and Sale—Void Deed.**

> In an action in which the validity of a deed or a certificate of sale issued under that part of the charter of the city of St. Paul (Sp. Laws 1889, p. 590, § 50) which relates to sales upon judgments rendered in assessment proceedings for local improvements is brought into question, the judgment of a court of competent jurisdiction that such a deed or certificate is invalid on its face, and a nullity, is, in the absence of mistake, fraud, or collusion, prima facie evidence, at least, of such invalidity in an action brought against such city to recover the amount paid into the city, treasury, with interest.

**Notice to City of Former Action.**

> To render such judgment prima facie evidence as above stated, it is not necessary to show that the city was notified of the pendency of the previous action, or was a party thereto.

**Former Action—Judgment on Pleading.**

> In the prior action this judgment was rendered on a general demurrer to the complaint, in which the invalidity of both deed and certificate and the reason therefor was alleged. *Held*, that such judgment was prima facie binding upon the city in the absence of proof that it was obtained through mistake, fraud, or collusion.

Action in the district court for Ramsey county by plaintiff, as receiver of Germania Bank of St. Paul, to recover $542.50, the amount paid into the treasury of the city of St. Paul for a local

[1] Reported in 84 N. W. 1009.

improvement certificate, and interest. The case was tried before Kelly, J., who found in favor of plaintiff for the amount demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James E. Markham* and *Franklin H. Griggs*, for appellant.

*Daniel W. Doty*, for respondent.

COLLINS, J.

This was an action brought to recover the amount paid into the treasury of the city of St. Paul for a "local improvement" certificate upon which was issued a deed, both of which, it is claimed, were set aside and declared invalid upon their face by a proper tribunal on account of irregularities; thus bringing the case within the operation of a provision found in the charter of said city (Sp. Laws 1889, p. 590, § 50), which section provides that in any action heretofore or hereafter commenced in which the validity of a deed or certificate of sale issued under that part of the charter which relates to sales upon judgments rendered in assessment proceedings for local improvements is brought into question, and such deed or certificate shall be set aside "on account of any irregularities," the party holding such deed or certificate shall recover from the city the amount paid by the purchaser at the sale, with interest at the rate of seven per cent.

The facts were that upon a judgment rendered against the premises, December 13, 1888, a sale was made by the city treasurer on February 23, 1892, the bank, for which this plaintiff was subsequently appointed receiver in insolvency, being the purchaser and the recipient of the certificate of such purchaser. After an abortive attempt on the part of the supposed owner of the property to have the certificate adjudged null and void in an action against this plaintiff, notice was given of the expiration, February 23, 1897, of the period of redemption. There was no redemption, and the plaintiff procured a deed from the city, as provided for in the charter, and then brought an action in ejectment against one Geipel, who was in possession as a tenant of the real owner. In addition to the usual allegations in complaints in ejectment, the plaintiff's claim of title was set out in detail, and there was attached to and made a part thereof a copy of the deed issued by

the city, after notice of redemption had been duly given, and the redemption period had expired, as before stated. It was recited in this deed that judgment was entered December 13, 1888, in the assessment proceedings, for $511.35, said sum being the amount of such assessment, with interest, damages, and costs; and it was also recited that on the day of the sale, February 23, 1892, under process duly directed to the city treasurer, the property was bid off by the bank for the sum of $542.50, a certificate being issued therefor in due form.

It is to be observed here that from the deed it appeared that the sale, made three years, two months, and ten days after the entry of judgment, was for an amount in excess of the judgment of only $31.15. The rate of interest upon such judgments, fixed by the charter, is twelve per cent. per annum, and in this particular instance the interest due at the time of the sale, if computed at twelve per cent., would amount, without compounding, to more than $195. Upon the face of this deed it appears that the treasurer collected interest at less than two per cent. per annum. It is apparent that the sale was for much less than the amount of the judgment with interest added thereto as provided by law. From these recitals it is obvious that the deed was void on its face. Security T. Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219. The recital in this instrument, to which attention has been called, that the amount for which the sale was made was the amount for which the property was then and there required to be sold, is negatived and shown to be untrue by the dates and figures before mentioned. This general recital must yield to those which specifically state the amount and date of the judgment and the amount and date of the sale by the city treasurer.

It is also alleged in the complaint in the Geipel case that on February 23 aforesaid the city treasurer, pursuant to the judgment, sold the property to the bank for the sum of $542.50, and duly issued to it a certificate of said sale. This certificate, we must presume, was in due form, reciting the amount of the judgment and the day on which it was rendered, the amount for which the property was sold to the bank, as set forth in the allegation, and the date of such sale. So that from the complaint in the

Geipel case it clearly appeared that the certificate itself showed upon its face that the premises were sold for less than the amount due,—the amount of the judgment, with interest,—thus bringing it directly within the ruling of this court in the Von Heyderstaedt case, before mentioned.

All of the allegations of the complaint were admitted to be true by the general demurrer interposed by defendant, and the demurrer was sustained below by an order to that effect, upon which judgment was entered long prior to the commencement of this action. In this order the court failed to state or find that the certificate was invalid, the language used being that the deed and the sale to the bank therein recited were and are nullities, and therefore plaintiff had no title to the premises. The court seems to have placed its conclusion upon the ground that the sale to the bank was a nullity, and the deed invalid on its face; but upon what ground the court placed its decision is immaterial if the decision itself was right upon any ground. From the allegations of the complaint in the Geipel case the court decided, in effect, that the sale to the bank was invalid, because for an amount substantially less than the sum due; an irregularity which rendered the certificate null and void upon its face. There was, therefore, a judgment entered in an action in which both the deed and certificate were brought in question, declared null and void, and set aside for an irregularity which appeared upon the face of each; in which case the charter provides that the party holding the deed or certificate shall recover the amount paid, with interest, from the city. The court below was right in holding in this case that the plaintiff had brought himself within the terms of the code, and was entitled to recover.

The point is made that because the city was not a party to the Geipel action, and was not notified of its pendency, the decision is not even prima facie evidence herein. There is no statutory provision which requires that the city be notified of the pendency of such an action, and we are without authority to interpolate it into the law. Nor is there any method by which the city could be made a party in an action of that kind. The statute fails to provide for what may be quite proper—in fact essential—in order

properly to protect the rights of the city. In the absence of a showing of mistake, or fraud, or collusion, the judgment entered was at least prima facie evidence against the city of the facts therein determined. And although there was an allegation of collusion, and that the Geipel action was not brought nor tried in good faith, we find no evidence of either collusion or bad faith in this record.

In this connection it may be observed that there is no noticeable difference in the wording of the section of the charter now being considered and G. S. 1894, § 1610, in which is a like provision for the return of money out of the county treasury, paid by the holder of a certificate or deed issued by a county auditor where an ordinary tax sale has been set aside by the judgment of a competent court. There is the same absence of any requirement that the county or state be notified or advised of the pendency of the action in which the validity of the tax certificate or deed is involved. And it has not been the practice, so far as we know, to give notice to any county officer of the pendency of such an action. In any event, in none of the many cases arising out of section 1610 which have been before this court, has the point been made. This indicates what the practice and general opinion have been as to the necessity of notice.

Counsel for the city also rely upon the statute of limitations found in section 50, supra. It is very clear, with both deed and certificate void upon their face, and for the same reason, that the statute of limitations has no application. Nothing has occurred to set the statute in motion. Sherburne v. Rippe, 35 Minn. 540, 29 N. W. 322. It is further claimed that the plaintiff should have been compelled to accept a new deed tendered by the city before and at the trial, in which the invalidity apparent in the one in evidence did not appear,—a deed valid upon its face. The validity of the certificate was herein involved and passed upon, as before stated. If the certificate in this case had been valid upon its face, or if it had not, in effect, been declared invalid by the decision upon the demurrer, we see no reason why the rule laid down in Merchants Realty Co. v. City of St. Paul, 77 Minn. 343, 79 N. W.

1040, should not apply, and a new deed be issued. But such is not the condition of the case now before us.

Order affirmed.