STATE ex rel. Annie C. Coburn v. GEORGE J. RIES and Another.[1]

November 14, 1913.

Nos. 18,521—(94).

**Judgment — collateral attack.**

1. A domestic judgment of a court of general jurisdiction in an action in which there is jurisdiction of the parties and of the subject-matter is, until reversed or set aside, binding upon all parties to the action and their privies, and cannot be attacked for error or fraud except in a direct proceeding.

**Registration of title — refundment of tax certificates.**

2. In proceedings to register title, to which the holder of tax certificates on the land and the county where the land was situated were parties, the tax sales on which the certificates were issued were adjudged void for reasons that entitled the holder to refundment. It is *held* that such judgment cannot be attacked collaterally for error or fraud, and is, as against the county, conclusive of the right to refundment.

Upon the relation of Annie C. Coburn the district court for Ramsey county issued its alternative writ of mandamus, requiring George J. Ries, as county auditor for that county, to execute and deliver to relator a proper warrant upon the treasurer of the county in the sum of $226.27, with interest, or show cause why he had not done so. The respondents made return and the matter was heard before Stanton, J., who granted relator's order for judgment in her favor on the pleadings. From the judgment and decree entered pursuant to the order for judgment, respondents appealed. Affirmed.

*Richard D. O'Brien,* County Attorney, and *Patrick J. Ryan,* Assistant County Attorney, for appellants.

*Linus O. Malley,* for respondent.

[1] Reported in 143 N. W. 981.

Note.—On the question of the character and kinds of judgments and orders within the rule that judgments and orders cannot be collaterally attacked for fraud not affecting the jurisdiction, see note in 36 L.R.A.(N.S.) 980.

BUNN, J.

This is a proceeding in mandamus to compel the county auditor of Ramsey county to issue to relator a warrant on the county treasurer for $226.27 in refundment of the amount paid by relator for certificates of tax sales, with interest. When the answer came in relator moved for judgment on the pleadings. This motion was granted, and defendants appealed from the judgment directing a peremptory writ to issue.

The following facts are disclosed by the pleadings upon which the order for judgment was based.

In May, 1908, Lot 23, Hewitt's Outlots, First Division, and "west one-half of the vacated portion of La Salle street adjoining the same" was sold to relator at a tax sale for $114.81. Lot 24, and the "east one-half of the vacated portion of LaSalle street adjoining the same" was at such sale sold to relator for $111.46. Certificates of sale were issued to relator and she has ever since been the owner thereof. Prior to 1889, Lots 23 and 24 abutted on La Salle street, which was vacated in that year by the common council of St. Paul.

In 1910 William G. White commenced a proceeding to register his title to the vacated portion of La Salle street between the two lots. R. C. Jefferson, the record owner of these lots, was made a party defendant, as was Annie C. Coburn, the relator here, as owner of tax certificates on the lots. The county of Ramsey was also made a party defendant in said proceeding. Jefferson answered, claiming to be the owner in fee of the premises. Annie C. Coburn answered claiming a lien on the premises by virtue of her tax certificates. The action or proceeding was tried, a decision rendered, and judgment entered on the decision. By this judgment the tax certificates of Annie C. Coburn were adjudged null and void for the reason that no assessment or levy of taxes was ever made as a basis for the tax judgment, pursuant to which the sales were made, and for the further reason that the taxes for which said sales were made had been paid before the sales. The county of Ramsey did not appeal from this judgment and the time to appeal therefrom has expired. The defendant auditor has refused to issue to relator warrants in refundment of the amounts paid by her for the certificates. The foregoing

facts are alleged in the petition and admitted by the answer. The following facts are alleged in the answer, and must be taken as true on the motion for judgment on the pleadings. In the registration proceeding, defendant Jefferson and defendant Coburn appeared by the same attorney. Jefferson undertook to establish title in fee in himself, and Coburn to establish her lien by virtue of the tax certificates. It is alleged that the claims and interests of Jefferson and of Coburn were conflicting claims and interests. The certificates were attacked on the trial upon the grounds upon which they were held void as before stated. In truth and in fact, the taxes were lawfully levied, and the taxes had not been paid before sale. These facts were matters of public record, and open to the discovery of the relator, but she wrongfully failed, neglected and omitted to present them to the court. By reason of this failure, neglect and omission of the relator to show the facts, the court, upon the evidence before it, was compelled to find that no assessment or levy was ever made, and that the taxes had been paid before sale. In truth and in fact, the certificates of the relator are valid, and the judgment declaring them void was procured, as defendant alleges, "by relator, through relator's negligence, collusion, want of good faith or fraud."

Is relator on these allegations of the pleadings entitled to refundment as a matter of law? Clearly the judgment in the White-Jefferson registration proceedings adjudged the tax sales void for reasons that under the statute, R. L. 1905, §§ 963, 965, entitled the purchaser to a refundment, unless that judgment does not bind the county of Ramsey. The question then is whether, if the facts alleged in the answer are true, they are sufficient to make the judgment not binding on the county in this proceeding for refundment.

The county of Ramsey was a party to the registration proceedings and was served with the summons. It has not appealed from the judgment. The fraud, conceding without deciding that the allegations of the answer show fraud, was not in acquiring jurisdiction of the parties. It was at most a fraudulent failure to produce testimony that would have proved the tax sales valid. The rule is elementary that a domestic judgment of a court of general jurisdiction in an action in which there is jurisdiction of the parties and of the sub-

ject-matter is, until reversed or set aside, binding upon all parties to the action and their privies, and cannot be attacked for error or fraud except in a direct proceeding.' Kipp v. Fullerton, 4 Minn. 366 (473); Cone v. Hooper, 18 Minn. 476 (531); In Re Ellis Estate, 55 Minn. 401, 56 N. W. 1056, 23 L.R.A. 287, 43 Am. St. 514; Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15; Hall v. Sauntry, 72 Minn. 420, 75 N. W. 720, 71 Am. St. 497; Town of Hinckley v. Kettle River R. Co. 80 Minn. 32, 82 N. W. 1088; Henry v. White, supra, page 82, 143 N. W. 324.

The court, in the registration proceedings, had jurisdiction of the parties, of the subject-matter, and jurisdiction to grant the particular relief of adjudging void the Coburn tax sales. When the county was served it knew, or ought to have known, who the parties to the proceeding were, what were their claims of interest in the land, and that the question of the validity of the Coburn tax sales was involved. It also must have known that if these sales were adjudged invalid the county might be called upon to refund the amount paid by the purchaser, with interest. It had the right and the opportunity of taking part in the proceedings, and caring for its interests. Under the general principles of the law of collateral attack on judgments, it would seem clear that this judgment is binding upon the defendants here, and conclusively settles relator's right to refundment.

In none of the cases heretofore decided involving the binding effect upon the city or county of a judgment declaring an assessment or tax sale void, was the city or county a party to the case in which the judgment was rendered. Even under those circumstances, it has been universally held that, in the absence of fraud, collusion or mistake, the judgment conclusively settles the right to refundment. Easton v. Scofield, 66 Minn. 425, 69 N. W. 326; Willius v. City of St. Paul, 82 Minn. 273, 84 N. W. 1009; Otis v. City of St. Paul, 94 Minn. 57, 101 N. W. 1066. Under Easton v. Scofield, fraud in procuring the judgment declaring the sale invalid will defeat a refundment where the city or county is not a party to the suit. This is recognized by the Willius and Otis cases. But it is evident that this was so decided because the city or county was not a party to the

action, and had no right or opportunity to take part in the proceedings therein.

The pleadings do not allege that the state of Minnesota was made a party to the registration proceedings. It could not be unless, in the opinion of the examiner, it had an interest in or lien upon the land. R. L. 1905, § 3382, G. S. 1913, § 6880. National Bond & S. Co. v. Hopkins, 96 Minn. 119, 104 N. W. 678, 680, 816. It does not appear that the state had any such interest or lien. But the county of Ramsey was made a party. It in no way raised the question of its not being a proper party. We can conceive of no interest that it had, save and except in the upholding of the Coburn tax certificates, to prevent a judgment declaring the sales invalid, that would give a right of refundment. Unlike the state, the county could be sued without its permission. It was sued, and had its opportunity to protect its interests by appearing and taking part in the proceedings. It is the county that seeks in this case to attack the judgment collaterally. We hold that the judgment in the registration proceedings is binding upon all the parties thereto, including the county of Ramsey, and is conclusive on the question of relator's right of refundment.

Judgment affirmed.