GILLILAND v. CITADEL SQUARE BAPTIST CHURCH.

Under the General Statutes of 1872, it was required that lands should be listed for taxation in the name of the owner, but if the owner was unknown, then the word "unknown" should be entered in the column of names.   This latter provision as to unknown owners was incorporated in the revision of 1882 as a proviso to the section relating only to exempted lands.   *Held*, that this proviso was misplaced by mistake, and having no sensible connection with the section to which it was added, must refer to the listing for taxation.   Therefore land so listed and forfeited for non-payment of taxes could be validly conveyed in fee by the sinking fund commission.

Before FRASER, J., Charleston, March, 1890.

The appeal was from the following decree :

This is an action to enforce the specific performance of an agreement made by the defendant to purchase from the plaintiff

a lot of land described in the complaint. The matter came up on a report and supplemental report of Master Sass. There is no dispute about the agreement and tender of title. The lot of land has once been granted by the State, but it does not appear that the plaintiff has connected himself with that title, unless it be by a title from the commissioners of the sinking fund, the lot of land having been sold and conveyed to plaintiff by them as forfeited to the State for non-payment of taxes. It is the validity of this title alone which the defendant calls in question, and on which the judgment of this court is sought.

There is nothing in the testimony to show who, if any one, claims under the original grantee, either by inheritance, by conveyance, or by possession, and the lot of land was never assessed or listed in the name of any person, company, or corporation, but in the name of "unknown owner." In all other respects the law has been complied with, and the only question with me is, whether real estate listed and assessed in the manner adopted in this case can be sold for taxes as forfeited to the State for non-payment of taxes as other real estate listed and assessed in the *name* of the owner.

The only authority I can find for using the words "unknown owner" on the duplicate in the place of the real name of the owner is in section 232 of General Statutes. It is as follows: "Sec. 232. The auditor, at the time of making the assessment of other real estate for taxation, shall enter in separate list pertinent descriptions of the real estate exempt from taxation by law, with the valuation thereof made by himself, determined by the rules prescribed by law, and designating the owner of each several parcel: *Provided,* if the name of the owner of any tract or lot shall be unknown, the word 'unknown' shall be entered in the column of names opposite said tract or lot." I do not think that I am at liberty to construe this proviso as referring to anything except what is contained in this section 232, and this refers to a separate list, on which is placed property exempt from taxation, and the value of which is to be determined by the auditor, and not as in case of taxable lands.

Besides this, it is provided in section 234 (Gen. Stat.) that "each separate parcel of real property, &c., shall be con-

tained in a line opposite the names of the owners;" and section 235, that the auditor shall determine "the sums to be levied upon each tract of land, or lot of real estate, &c., in the name of each person, company, or corporation." In section 283 it is provided that the "treasurer shall furnish the county auditor with a list of the names of such taxpayers on his duplicate as have failed to pay taxes," &c., &c.

These tax acts are to be construed strictly, and the omission of any of the prescribed forms is fatal to the sale made under the proceedings. There are many reasons why the names of the owners of the land appear on the duplicate, and it is of so much importance that in the same section 283 it is enacted, as a *proviso*, "that at all sales of lands for taxes, only the right, title, and interest of the one *in whose name* the land has been listed and assessed shall be sold." In this view of the case I am satisfied that the lot of land which is the subject of the agreement, the performance of which is here sought, never has been forfeited to the State, and that, therefore, the commissioners of the sinking fund never had any right to sell and convey it to the plaintiff. I therefore hold that the plaintiff's title is bad, and not such as this court should compel defendant to accept.

It is, therefore, ordered and adjudged, that the complaint be dismissed.

The plaintiff appealed on the following grounds: "1. That his honor erred in construing the proviso which is printed in the General Statutes in section 232, so as to limit it to what is contained in that section. 2. Notwithstanding the mechanical or typographical arrangement and the enumeration of section 232, and of the preceding sections in the act, the proviso can be correctly construed only as applying to the matter embraced in the sections which precede section 232, viz., all real estate liable for taxation. 3. The presiding judge erred in holding that the land in question had not been forfeited to the State, and that the title of the plaintiff derived from the deed of the commissioners of the sinking fund, otherwise good, is bad, because it was listed and forfeited as land of "owner unknown."

*Messrs. Barker, Gilliland & Fitzsimons,* for appellant.

No counsel contra.

June 25, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, contracted to sell to the defendant a certain lot of land, situate in the city of Charleston. The defendant not complying, the action below was instituted for specific performance of the contract. The defence set up was defective title in this: that the plaintiff claimed through a sale to the State at a delinquent land sale, after which, and by virtue of which, the sinking fund commission conveyed to one C. M. Robertson, who conveyed to the plaintiff, who contracted with the defendant. The main question in the case was, the validity of the tax title to the State, obtained through the delinquent land sales. It appears that no one was in possession of the land at the time it was listed and assessed by the auditor, and the owner being unknown, it was listed and assessed in the name of "unknown owner," as required by the act in such cases. In all other respects the law had been complied with, and the only question in the case was, as stated by his honor, the trial judge, "whether real estate listed and assessed in the manner adopted in this case could be sold for taxes, or forfeited to the State for non-payment of taxes as other real estate listed and assessed in the name of the owner."

There is no doubt, it seems, that where lands are listed and assessed, as this was in the name of the owner, and the tax thereon is not paid, that they become forfeited, and subject to sale as delinquent lands, and if the tax acts in other respects are complied with, the purchaser at said sale will get a good title. Nor can it be doubted that had the land here been listed and assessed in the name of "unknown owner" before the General Statutes of 1882, and under the General Statutes of 1872, and then sold as it was sold below, the sale would have been valid; because. under the tax acts previous to the adoption of the General Statutes of 1882, the auditor was required to list and assess such lands where the name of the owner was not known in the word "unknown," which was to be entered in the column of

names opposite said tract or lot, in which case, the tax not being paid, the land was subject to be sold as other lands for the non-payment of the said taxes assessed. See Gen. Stat., 1872, ch. XII., § 63. This latter provision, however, in reference to list-ing and assessing lands where the owner was unknown, while still retained in the General Statutes of 1882 as a part of the tax machinery therein, yet was placed as a proviso to that portion of the tax act which referred to lands exempt from taxation, such as public buildings, schools, colleges, &c. (Gen. Stat., § 232), and his honor thought that inasmuch as this proviso was found in that section, and that section alone, that there was no authority given for the sale of the lands thus listed and assessed.

It is clear that there is no express exemption of such lands anywhere in the tax acts, and we see no reason to conclude that it was the intention of the general assembly that such lands should pay no taxes. Previous to the General Statutes of 1882, as we have said above, they were liable as other lands, and we think it was by some mistake that the proviso in question was incorporated in or added to section 232 of the General Statutes of 1882 in reference to exempted lands. It has no sensible connec-tion with this section. There is nothing in it which qualifies or explains the previous part of the section, nor does said previous part in any way qualify or explain it. The proviso simply requires the auditor to enter in the column of names opposite lands where the owner is unknown the word "unknown," but it is not stated that such lands shall be exempt from taxation, and inasmuch as such lands do not necessarily fall in the classes which are expressly exempt, there is no reason why they should be held exempt, where it is apparent that they do not belong to either of said classes, to wit, public schools, colleges, or other such build-ings or lands. In our opinion, the title of the plaintiff to the land in question is not defective in the matter therein discussed.

It is the judgment of this court, that the judgment of the Cir-cuit Court be reversed.