No. 13,867.

RICHARD H. GRANT vs. W. P. HAYNES AND J. W. FREEMAN.

## SYLLABUS.

1.  In an action brought to recover for services rendered in having obtained subscription to the stock of a corporation, the issue was the amount earned for services *vel non*. If a public wrong was committed, not connected with the services rendered, it might give rise to condemnation at the bar of public opinion, which may seek, by legitimate influence, to condemn and suppress it, but in matter of business, it affords no ground to refuse to pay a creditor if he has earned the amount which he claims.

2.  An issue of fact is not sustained by the testimony that some time previous to the services rendered, wrongs against the social order had been committed. Rumors and reports, based, from all appearances, on the previous wrongs charged, *i. e.*, wrongs of a date anterior to services claimed, and as to which several of the witnesses directly swore, do not make it appear with reasonable certainty that they were continuing wrongs.

3.  Witnesses testified that in the community in which he resided, plaintiff, as a member of the community, and while at home, was not deemed guilty as charged; others testified to the contrary. The jury found that the weight of the testimony was with the former.

4.  To that extent, the jury's verdict is affirmed. It is not affirmed as to the amount of damages.

A PPEAL from the Thirteenth Judicial District, Parish of Rapides —*Blackman, J.*

*White & Thornton* for Plaintiff, Appellee.

*Scarborough & Carver* and *Andrews & Hackenjos* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Defamation of his character is plaintiff's cause of action. Ten thousand dollars is the amount he claims for damages. From a verdict and judgment for plaintiff in the sum of five hundred dollars, the defendants appeal.

Plaintiff is a steamboat captain and pilot, and defendants are stockholders and promoters of the Boyce Cotton Seed Mill and Manufacturing Company.

Plaintiff brought suit against the defendants some time previous to the present suit, in which he alleged that he had entered into a contract with defendants to raise a subscription to the stock of the Boyce Cotton Seed Mill and Manufacturing Company, and to secure a site for the mill at or near Boyce, La., and that, as a consideration, defendants agreed to pay him five *per cent.* on the amount of all stock subscribed. He alleged in his petition in this first suit that it was agreed that he was to use his energy and influence to secure a site and raise subscriptions; and he also alleged in his petition that, through his efforts, an oil mill site was secured, and stock subscribed to the amount of ten thousand dollars, and he claimed five hundred dollars for his services, that amount being five *per cent.* of the sum he claimed to have secured

and the commission he averred the defendants had bound themselves to pay.

Defendants, in the first suit, answered plaintiff's petition, and admitted that they had employed plaintiff to solicit subscriptions, but alleged that he failed to secure any subscriptions, and that those obtained were secured by themselves. They also charged that they had learned that plaintiff's reputation was such that plaintiff could not secure subscriptions; that many persons refused to subscribe for the reason that plaintiff was connected with the proposal to construct the mill in question, which was afterwards, they aver, constructed by themselves (the defendants in this suit).

The plaintiff accepted a sum less than the amount of his claim, and discontinued the suit. In the present action, he sets forth that the answer filed in the suit which was discontinued, as just stated, and the interrogatories propounded to various witnesses, suggested and gave rise to the implication that the plaintiff's conduct, as the father of a family, was not what it should have been. Plaintiff is a widower with eight children, four of whom reside with him.

Defendants, in their answer in the case now before us for decision, pleaded the privileged character of their allegations in their defense in the first suit filed. They also alleged that their defense and allegations to that end were based on probable cause, and with the advice of counsel; that, if true, the allegations were a good defense to the suit brought, and they substantially further avered that, should the court not sustain these grounds of defense, they honestly believed, from common report, the truth of their allegations. Defendants aver in their answer (*inter alia*) "that his conduct with her (the asserted concubine) on the boat and since she left there has been such as to cause them to believe, as they did at the time, that he lived with her as his concubine."

In the case here, a number of witnesses were examined, and the interrogatories and answers filed in the first suit were filed in evidence in the present suit. By his witnesses, plaintiff sought to prove the extent to which he had been wronged by defendants' answer, and the issues raised by them in the first suit, and defendants directed their efforts chiefly to prove that the reports circulated in the community, and the poor success plaintiff had met with in securing subscriptions, justified their defense.

Grant vs. Haynes and Freeman.

The charge brought, we think, was useless to the defense. If true, the defendants were none the less liable for the amount due for services actually rendered by plaintiff in securing subscriptions. A defense entirely foreign to the issues, does not fall within the rule protecting averments as privileged. Averments are not privileged, if it appears that they are entirely useless to the defense. The charge made was not a disqualification to attend to the business of soliciting subscriptions, and to aid in establishing a factory in the community. The language used had a tendency to degrade, without, in the least, as we take it, assisting in establishing a defense. While it is true that the greatest latitude should be allowed in judicial proceedings in order to enable the parties to bring before the court all pertinent issues, or issues which parties may deem pertinent, yet there must be some limit to this wide range.

We have reviewed our decisions on the subject, and have not found that they (while they recognize every right which is needful to the full presentation of the issues) have gone to the extent of laying down the rule that an averment which has the effect of holding up one of the parties to public odium, is to be sustained and protected, as privileged, although not called for by the character of the issues. The most recent views of this court upon this subject were expressed in Wimbish vs. Hamilton, 47 Ann. 246. In that case the court said: "The allegations were pertinent to the issue presented." Here, there is nothing of the sort. The employe was seeking to recover from his employer an amount he averred was due. The charge was an independent one, not connected in any manner with the service he was expected to render. The lack of influence of one who has undertaken to do a certain thing, in which his influence may be of some moment, would not be a cause preventing him from recovering for what he has done. We are justified in concluding that the amount due for his services is all the court would have allowed him. To determine that issue, the question of personal conduct in matter not connected with the service, if true, however to be regretted and reprehended, is not an issue to be considered.

We pass to the other grounds of defense in the case before us for decision—want of malice, probable cause, and the truth of the averments, contained in the answer filed in the first suit. We take it that absence of malice is not a complete defense against a demand for damages by one who uselessly charges another with having failed in a

duty, or with having transgressed the law in a manner in which he, as a defendant in a suit, can not be held to have been particularly concerned. Although the averments may not have been made *malo animo,* they are not to be dismissed from all consideration because of that fact.

With reference to probable cause, we have not discovered wherein it was in its nature a probable cause, for we think it was made without any cause whatever. The truth of the averments, *vel non,* made in the first suit, present the serious and most important issue of the case.

It is true that defendants heard, from credible persons of the community, words condemning plaintiff for an asserted intimacy with his servant or housekeeper at his home, at which his children reside. The particulars of the intimacy at plaintiff's home are not given, and the testimony does not disclose acts leading to unavoidable inferences of improper intimacy. At a previous time, while away at some distance, commanding and piloting a steamboat, this servant was a chambermaid on the boat. Witnesses testified to facts which sustain the allegations made in the first suit. It must be borne in mind that this was sometime previous to defendants' employment of plaintiff as a solicitor, and while the defendant was away from home. In reading decisions upon the subject, we found the following in point, which we think expresses a correct view: "A woman who is at the time chaste, virtuous, and exemplary, although she may at some previous time have had illicit intercourse with a man, is an innocent woman within N. C. Code, Sec. 1113, which provides that 'if any person shall attempt, in a wanton manner, to destroy the reputation of an innocent woman by words, written or spoken, which amount to a charge of incontinency, every person so offending shall be guilty of a misdemeanor.'" State vs. Grigg, 104 N. C. 882; 11 S. E. 684.

Beyond the fact that this woman is plaintiff's housekeeper; that she is a quadroon or octoroon; that her conduct was not reputable before she came to Boyce; and that rumor charges improper relations, the record does not reveal any particular fact showing illicit intimacy.

In bringing this decision to a close, we will state that the advice of counsel is available as a mitigating circumstance, and to that fact we have given due weight. Besides, we do not think that this is a case for allowing an unreasonable sum in damages.

It is therefore ordered, adjudged, and decreed that the amount of the

judgment be and the same is hereby reduced to one hundred dollars ($100), and, as reduced, it is affirmed.,

BLANCHARD, J., dissents.

Rehearing refused.