6844

### KOTH v. PALLACHUCOLA CLUB.

TAX TITLE—REAL PROPERTY.—Where land has been levied on and sold for taxes as lands of the heirs of A. without mentioning the names of each of the heirs, the tax title is *prima facie* good to convey the interest of the heirs of A. in the land after his death. Here this view is strengthened by the fact that after decease of A. some of his heirs returned the property for benefit of all, paid the taxes for a while and then voluntarily stopped paying.

Before HYDRICK, J., Hampton, February term, 1907. Affirmed.

Action by H. C. Koth against Pallachucola Club. From judgment for plaintiff, defendant appeals.

*Mr. Jas. W. Moore,* for appellant, cites: *Tax deed is void because it shows on its face land was listed as belonging to heirs of "Ann May Mason:"* Black Tax Titles, secs. 105, 108, 268, 262; 29 La. Ann., 509; Code of 1902, 268, 269, 270, 332; 76 S. C., 517; Cooke, 360; 9 S. W., 916; 16 Ind., 506; 36 La. Ann., 315; 25 N. E., 89. *Deed is void because execution was issued against "heirs of Ann Mary Mason" without naming them:* 88 N. C., 255; 59 Am. St. R., 830. *There was no legal advertisement:* Code 1902, 2617, 423; Black on Tax Titles, Sec. 205; 30 La. Ann., 871; 61 Ala., 258; R. S., p. 91; G. S., 314; 41 S. C., 540; 15 S. C., 192. *Certainty of whose property was*

*listed and sold must be ascertained from instrument itself:* 67 Wis., 435; 59 Wis., 500; 57 Am. St. R., 249; 86 Ind., 81; 12 Ind., 291.    *Tax titles are strictly construed:* 57 S. C., 79; 34 S. C., 364; 86 Ind., 84; 9 Mo., 878; 2 Ohio, 231; 4 McLean, 211.

*Mr. W. B. de Loach*, contra, cites: *The words "heirs at law" in the deed are sufficient to put on notice a purchaser:* 52 S. C., 224; 76 S. C., 517.

April 2, 1908.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In this action to recover possession of two hundred and fifteen acres of land, the plaintiff, having introduced evidence tending to show title in Ann Mary Mason, proved a tax deed from the sheriff of Hampton County to H. C. Ficken, dated 3d July, 1899, and a deed from H. C. Ficken to himself, dated 3d January, 1903.    The land was assessed for taxes, levied on and sold, as appears by the recitals of the deed, as land of "heirs Ann May Mason," but the individual names of the heirs were nowhere given in the proceedings.

The defendant introduced evidence tending to prove the land belonged, not to Ann May Mason, but to her husband, Alexander T. Mason.    After the death of Ann May Mason and Alexander T. Mason, the lands of the latter were sold under a decree of the Court of Common Pleas in a proceeding for partition to which all his children, who were not only his heirs but all the heirs of his deceased wife, were made parties.    At this sale M. R. Mason, the second wife of Alexander T. Mason, purchased the land and received title from the clerk, dated 6th November, 1882.    On 9th April, 1902, M. R. Mason, who in the meantime had become, by a second marriage, M. R. Smith, conveyed the land purchased by her to the defendant.    If the sale made to M. R. Mason in 1882 covered the land in dispute, or if,

under that sale, she held adverse possession of the land for ten years, then it is manifest the tax sale made of the lands of heirs of Ann May Mason could not avail against the defendant claiming under her title. The issues of fact on this point were submitted to the jury and decided against the defendant.

For the purposes of this appeal, therefore, the land in dispute must be considered to have been the property of Ann May Mason; and the sole point involved is whether the Circuit Judge was right in holding the tax deed to Ficken to be *prima facie* good to convey the interest of her heirs after her death.

In *Pollitzer* v. *Beinkempen,* 76 S. C., 517, the question was whether a tax sale was good where the lands had been returned, assessed and sold as the property of "the estate of" a person deceased. Such sale was held to be good on this provision of Section 269, Civil Code: "That in the case of estates administered the property shall be listed and assessed as the property of the estate of the person deceased." The Court thus construed the statute and the proviso so far as it affected that case: "The general provision is 'that all lands shall be listed and assessed as the property of the person having legal title to, and the right of possession of, the land at the time of the listing and assessment.' The proviso makes the exception 'that in the case of estates administered the property shall be listed and assessed as the property of "the estate of" the person deceased.' "

That case fell strictly under the terms of the statute, as the estate of the deceased owner was an estate upon which there was administration. In this case there was no proof of administration on the estate of Ann May Mason, and, therefore, it falls without the exception mentioned in the proviso, and is not controlled by the case of *Pollitzer* v. *Beinkempen.*

The specific question here is whether, in case there has been no administration, a good tax title can be made to

land assessed, levied on and sold after the death of the owner as the lands of the heirs of such deceased owner without mentioning the names of each of the heirs.

Several sections of the statute require the assessment and listing of property for taxation in the name of the owner. Revised Statutes, 1893, Sections 277, 279, 285, 289, 299. Section 277 provides: "If the name of the owner of any tract or lot shall not be known the word 'unknown' shall be entered in the column of names opposite said tract or lot." Sections 333, 347, 349, 350 and 351 provide for the issuing of execution against defaulting tax-payers and the sale of their property. Nevertheless, the sale of land under an execution describing the owner as unknown carries a good title. *Gilliland* v. *Baptist Church,* 33 S. C., 164, 11 S. E., 684. If, therefore, the auditor had entered this land as belonging to unknown owner and it had been so sold by the sheriff the title would have been at least *prima facie* good. It is true where the owners are known the names are to be used, but the statute contemplates only such accuracy in giving the names as will so designate the owners as to protect them against surprise or a sacrifice of their property. *Kingman* v. *Glover,* 3 Rich., 27; *Dickson* v. *Burckmyer,* 67 S. C., 533, 46 S. E., 343; *French* v. *Edwards,* 80 U. S., 510.

One of the main purposes of the statute is to enable the tax officers to identify the owner of the property so that they may know with certainty on whose property to levy for the collection of taxes. As to the taxpayer, the provisions should not be construed as admitting of no other meaning or designation of the owner except the use of his Christian and family name. The word "name" is thus defined in Century Dictionary: "A word by which a person or thing is denoted; the word or words by which an individual person or thing, or class of persons or things, is designated, and distinguished from others; appellation, denomination, designation." It would be unreasonable to require tax officers

to unravel complicated inheritances and state on the tax list the christian and family names of all the heirs of persons deceased. To construe the provisions of the statute on the subject mandatory to that degree would unreasonably embarrass the State in the collection of its revenue.

The true principle and real meaning of the statute is that the taxpayer has the right to insist on such naming of the owner or owners as will give him notice that land in which he has an interest is on the tax books delinquent, and to be sold for taxes. Designating the owners on the tax books, in the execution and in the advertisement as heirs of a particular person deceased is notice to all such heirs that land in which they are interested is assessed for taxes and will be sold unless the taxes are paid.

We have not been able to find any case dealing with statutes like ours, supporting a conclusion different from that which we have reached. On the contrary, it is in accord with the princiules laid down in the cases above cited decided by the Supreme Court of the United States and the Supreme Court of this State.

In this case there is special reason for the application of the rule we have stated. There was evidence that after the death of Ann May Mason, one of her heirs, on behalf of all, returned the land for taxation and paid the taxes for several years, and then voluntarily ceased to pay them.

For these reasons we are of the opinion that the Circuit Court was right in holding the assessment, listing and sale of the property for taxation in the name of "heirs Ann May Mason" did not make the tax title fatally defective, and in holding the deed to be *prima facie* evidence of a good title in Ficken, plaintiff's grantor.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.