15544

FISCHER *ET AL.* v. BENNETT *ET AL.*

(25 S. E. (2d), 746)

December, 1942.

*Mr. M. W. Seabrook,* of Sumter, S. C., Counsel for Appellant,

536

*Mr. N. N. Newell,* of Monck's Corner, S. C., and *Mr. William M. Wilson* and *Mr. Alva C. Depass,* both of Columbia, S. C., Counsel for Respondents,

May 24, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court:

This controversy has to do with the validity of a sheriff's sale to enforce the lien for delinquent taxes. The property, consisting of 21.9 acres, was sold by the sheriff of Berkeley County on April 3, 1939, under tax executions for the years 1931-1937, both inclusive, to M. B. Cross, the appellant, for $73.85. This amount was paid to him by the county treasurer; later he paid to the county treasurer $7.84, being the amount of taxes levied on the property for the year 1938.

Edward Bennett was the owner of the land in question. He died about twenty-five years ago, and at the time of his death resided on Johns Island, in Charleston County. Following his death, the property was listed and assessed on the tax books for Berkeley County during the years referred to in the name of the estate of Eddie Bennett; the tax executions were issued against that estate, and whatever levy was made was against the estate of Eddie Bennett.

The South Carolina Public Service Authority, wishing to acquire the land, on September 6, 1939, within the redemption period, commenced condemnation proceedings, to which Mr. Cross and the heirs at law of Eddie Bennett were made parties. A hearing was held before the Board of Referees on December 11, 1939, and the board awarded the sum of $650.00 for the land. At this hearing, the appellant presented an affidavit setting forth his claim in the sum of $81.69, this being the aggregate of the amount paid for the 1938 taxes.

In accordance with law (Sec. 9110, 1942 Code), the Public Service Authority delivered to the Clerk of Court of Berkeley County checks covering the award and the taxes. Thereafter, on April 22, 1940, a jury in the Court of Common Pleas returned a verdict in the sum of $550.00 as compensation for the land. On the anniversary date of the tax

sale, April 3, 1940, the appellant demanded of the sheriff the execution and delivery to him of a deed to the property. This the sheriff refused to do.

The Public Service Authority has entered into possession of the land, and is not concerned in this litigation. The contest here is between Mr. Cross and the heirs of Edward Bennett, deceased, with reference to who is entitled to the proceeds in the hands of the Clerk of the Court. The appellant contends that as the successful bidder at the tax sale he is entitled to the entire amount of $550.00 awarded by the jury. The respondents contend that the sheriff's sale was invalid, on the ground that the property was improperly listed, assessed and levied upon in the name of the estate of Eddie Bennett, when in fact the estate of Eddie Bennett had never been administered upon.

The Special Referee, to whom the cause was referred, held the tax sale to be null and void, and upon appeal, the Circuit Court in a well-considered decree confirmed the report of the Referee.

The law provides (Sec. 2605, 1942 Code) : "That all lands shall be listed and assessed as the property of the person or persons having the legal title to, and the right of possession of, the land at the time of listing and assessment, and in case of persons having possession of lands for life in the name of the life tenant: provided, further, that in the case of estates administered, the property shall be listed and assessed as the property of 'the estate of' the person deceased * * *."

It becomes vital, therefore, to determine whether the estate of Edward or Eddie Bennett was ever administered upon. The record carries a stipulation to the effect that the estate of the deceased was not administered in Berkeley County. Edward Bennett at the time of his death resided in Charleston County. Section 8968, 1942 Code, provides that in case any person dies intestate the Judge of probate of the county where the will of such person, had he left a will,

would have been proved, shall grant administration. And Section 8930 provides that wills shall be proved before the judge of probate of the county where the testator resided; or, he having no place of residence within the state, in the county where the greater part of his estate may be. It follows, therefore, that the Probate Court of Charleston County had jurisdiction, and its records should disclose if the estate of Edward Bennett had been administered. In the circuit decree we find the following finding of fact: "I have carefully reviewed the testimony, including that of Isabella Thompson, B. M. Thompson, Jr., Peter Bennett, and Laura Fishburne, and it seems very clear that there has been no administration anywhere * * *. There are two estates of persons named Edward Bennett in the probate office of Charleston County, but the testimony makes it plain that neither of these related to the Edward Bennett in question."

The evidence produced before the Referee and before the trial Judge is not included in the Transcript of Record. We must, therefore, assume that there was sufficient evidence to support such finding. And this being so the finding must be sustained. *Thomas v. Seaboard Air Line R. Co.*, 157 S. C., 144, 154 S. E., 97.

But the appellant contends that even if the finding of fact of the Referee, concurred in by the Circuit Court, be upheld, error has been committed as a matter of law, because administration may be presumed from lapse of time; and because the burden was upon the respondents to show "that there was no administration at any place or time of the estate of Edward Bennett."

In this case we find no room for the indulgence of presumptions. Edward Bennett, as pointed out, resided in Charleston County at the time of his death, and under the statutory law the Probate Court of that county was possessed with jurisdiction to administer his estate. When the respondents showed, as they did, that there was no administration in Charleston County of the estate of Edward

Bennett, it was not incumbent upon them to go further and prove that there was no administration elsewhere. This proof made out a *prima facie* case of no administration.

We said in *Carter v. Wroten,* 187 S. C., 432, 198 S. E., 13, 16, 119, A. L. R., 379: "The estate of a deceased person, as commonly understood, consists of real and personal property, choses in action, debts, etc. An estate as such cannot hold legal title to lands because it is neither a person nor a legal entity. It was pointed out very clearly in *Koth v. Pallachucola Club,* 79 S. C., 514, 61 S. E., 77, that lands may be returned for taxation as the property of 'the estate of' the person deceased, only where there has been an administration of such estate, and that the return is authorized to be made in wise solely because of the legislative requirement appearing in the proviso * * * we have quoted. That statute, without ambiguity, and by clear import, provides that where there has been no administration of the estate of a person dying intestate, the land must be assessed in the name of the real owner, that is, the person or persons having the legal title to and the right of possession of the same." And see *Vallentine v. Robinson,* 188 S. C., 194, 198 S. E., 197, and *Osborne v. Vallentine,* 196 S. C., 90, 12 S. E. (2d), 856.

It is manifest that the legal title to this land and the right of possession were in the respondents, and therefore, the sheriff's tax sale was void, because the property was not listed, assessed, and levied upon in the names of the true owners. As shown in *Carter v. Wroten,* where there is no administration of the estate of a person dying intestate, it is sufficient to assess land as belonging to the "heirs" of such decedent.

It is true that the land in question was advertised and sold in the names of the "heirs of Ed. Bennett." This action on the part of the sheriff was entirely unjustified by law. The property was listed and assessed and the tax executions issued in the name of the "estate of Eddie Ben-

nett." The sheriff possessed no power .or discretion to make this change, or to advertise the property in any way except in the name of the "estate of Eddie Bennett." The fact that the sale was·thus made by the sheriff—in the name of the heirs of Ed. Bennett—did not cure the invalidity. It amounted to an advertisement and sale in the name of persons against whom the sheriff had no execution, and against whose property no assessment had been made.

The appellant advances the position that because the property was listed and assessed, in the name of the "estate of Eddie Bennett," it must be presumed that the tax officials had performed their duty and assessed the property in the manner in which the statute provides.

In the absence of any proof to the contrary, there is a presumption that public officers have properly discharged the duties of their office. In this case, however, there is proof to the contrary. There is positive evidence that there was no administration of the estate of Edward Bennett in the County of Charleston. And by stipulation it was agreed that there had been no administration in Berkeley County, the situs of the land in question.

The appellant complains because the Circuit Court directed that he pay one-half of the Court costs. The contention is made that all costs should be paid out of the funds on deposit, by the condemnor, the Public Service Authority. This is an equity proceeding and the Court's direction in such matters will not be interfered with, except for violation of some principle of law. *Ex Parte Miller et al., State Board of Bank Control,* 192 S. C., 164, 5 S. E.. (2d), 865; *Cauthen v. Cauthen,* 81 S. C., 313, 62 S. E., 319; *Anderson v. Silcox,* 82 S. C., 109, 63 S. E., 128.

The costs involved in this suit are in no way connected with the costs in the condemnation proceeding.
The Public Service Authority is not a party to this cause, and is not concerned with its outcome. The controversy here involves only the question whether the appellant

or the respondents are entitled to the award in the hands of the Clerk of Court of Berkeley County. We discover no error of law on the part of the lower Court in its direction for the payment of the costs.

There is one further ground of appeal which relates to a stipulation in the condemnation proceeding with reference to the amount due Mr. Cross, which stipulation the lower Court construed to be in the nature of an agreed or consummated redemption by the Bennett heirs within the one-year period. The appellant says that he was not represented by counsel at the condemnation hearing, and did not sign any stipulation in writing with reference to this matter. We do not deem it necessary to pass upon this phase of the case, because we agree with the Circuit Court that the tax sale is null and void, and, being invalid, there was no duty or obligation on the part of the heirs of Edward Bennett to redeem the property within the period of a year. The void tax sale, under the issue presented here, did not affect them at all, nor did it vest any rights in the appellant in their property, nor in the proceeds derived from the condemnation of such property.

Judgment affirmed.

Messrs. Associate Justices Baker and Stukes, and Circuit Judge J. Henry Johnson, Acting Associate Justice, concur.

Mr. Chief Justice Bonham did not participate.