SECREST, REC., v. THE HARTFORD FIRE INS. CO.

INSURANCE.—A CHATTEL MORTGAGE on a stock of goods given by a debtor merchant to one creditor after insurance, avoids a fire insurance policy on the same goods, which contains a clause providing that the policy should be void if the subject of insurance be personal property and be or becomes encumbered by a chattel mortgage, although the mortgage is afterwards set aside as a fraud upon the other creditors of the merchant debtor under the assignment statute.

Before DANTZLER, J., Lancaster, March term, 1903. Affirmed.

Action by Eugene C. Secrest, as receiver of J. A. Hilton & Co., against The Hartford Fire Ins. Co. From judgment for defendant, plaintiff appeals.

*Messrs. Ernest Moore* and *T. Y. Williams,* for appellant, cite: *Mortgage set aside is not included in condition of policy:* 13 Ency., 2 ed., 244, 245, 256, 260; 29 W. Va., 689; 102 Ga., 565; 65 N. Y., 6; 103 Ia., 276; 100 Ga., 287; 88 Va., 832; 19 S. E., 457; 7 Am. R., 581; 9 Am. R., 235; 20 Id., 583; 21 Id., 544; 22 Id., 299; 26 Id., 298. *No additional grounds can be considered on motion for nonsuit and direction of verdict:* 67 S. C., 122; 64 S. C., 571. *As to admission of record adjudging mortgage void:* 61 S. C., 446; 1 McC., 495; Freem. on Judgt., sec. 176; 1 Green. Ev., secs. 543, 525; 1 Hill, No. 297; 12 Rich. L., 13, 3 S. C., 204; 39 Me., 326; 3 McC., 262; 14 Md., 86; 4 Wall., 657.

*Messrs. King, Spalding & Little* and *J. Harry Foster,* contra. The former cite: *As to the policy being avoided by the chattel mortgage:* May on Ins., 4 ed., sec. 291; 29 Conn., 68; 102 Ga., 565; 54 Ga., 554; 81 Ga., 81; 29 S. C., 491; 11 S. E., 337. *As to admission in evidence of the decree avoiding the mortgage:* 1 Speer, 157; 9 Rich. L., 454; 1 Rich. Eq. Cas., 302; 32 Fed., 373.

*Mr. Foster* cites: *As to chattel mortgage coming within purview of the statute:* Gen. Stat., 2647, 2648; 19 S. C., 39; 22 S. C., 108; 32 S. C., 492; 29 S. C., 312; 1 Bail., 315; 67 Ala., 508; 24 Miss., 134; 57 Ill., 257; 84 N. Y., 354; 95 Pa. St., 388; 98 Ill., 11. *As to validity of condition of policy:* 40 L. R. A., 358; 11 L. R. A., 298; 71 Ia., 119; 13 L. R. A., 684. *Whether mortgage was valid in part or absolutely void, does not matter:* 62 S. C., 145; 93 U. S., 284. *As to admissibility of record adjudging mortgage void:* 19 S. C., 159; *Wagner* v. *Kirvin,* 52 S. C.; *Duren* v. *Kee,* 26 S. C.

March 31, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Hartford Insurance Company, on January 1, 1897, issued a policy to J. A. Hilton & Co., insuring, to the amount of $1,000, for one year, a stock of goods at Lancaster, S. C. The policy contained this clause: "The entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage." An instrument in the form of a mortgage was executed, November 1, 1897, by Hilton & Co. to A. S. Mungo, covering the stock of goods. On November 13, 1897, Daniel Miller & Co. and the other creditors of Hilton commenced their action to have the mortgage declared null and void under the assignment act. After the commencement of the creditors' suit and on the same day, the property was destroyed by fire. Some time afterward a decree was made by which the mortgage was adjudged invalid under the assignment act.

The plaintiff was appointed receiver of the assets of Hilton & Co. and now brings this action against the Hartford Insurance Company on its policy issued to Hilton & Co. Judge Dantzler, who heard the case, sustained the defense that the policy became void upon execution of the mortgage, and directed a verdict for the defendant. The plaintiff appeals on the ground that the Circuit Judge should have held that the mortgage never had any existence, and, therefore, could not affect the policy, for the reason that the assignment act, on which the decree setting it aside was based, declares such a mortgage "shall be absolutely null and void, and of no effect whatsoever."

For the purposes of this discussion, it is immaterial whether the mortgage was set aside on the ground that it was practically an assignment to one creditor, giving him a preference to the exclusion of the other creditors, and, therefore, "null and void and of no effect whatsoever," under section 2647 of the Civil Code; or on the ground that it was an unlawful preference, under section 2648, which declares

"void" certain preferences given by a debtor to a creditor within ninety days of an assignment for the benefit of creditors.

It is obvious that there was no privity of contract as to the insurance between the creditors and the insurance company, and, therefore, in this regard the receiver, who derived his title to the policy through Hilton & Co., after the fire, can stand in no higher or better position than Hilton & Co. then occupied. Hence the receiver could not recover on the contract of insurance if it had been avoided before it came into his hands by any act of Hilton & Co., from whom he received it. The question, therefore, is, was the paper given in the form of a chattel mortgage valid as to Hilton & Co. at the time the loss occurred? More specifically, could Hilton & Co. have protected themselves against the mortgage at the time of the fire by alleging its invalidity under the assignment act?

It is said in *Wilks* v. *Walker,* 22 S. C., 111, "The manifest object of the act is to prevent an insolvent debtor from transferring or assigning his property for the benefit of one or more of his creditors, to the exclusion of all others; and whether this object is sought to be affected by a *formal* deed of assignment, or in any other mode, can make no difference." There is no word in the entire act indicating an intention to protect a debtor from a mortgage given by him, or to allow him to allege against his own deed. A preference or assignment denounced by the act is void only as against those who are prejudiced by it. If, after creditors had assailed this mortgage, the debtor had paid them, and thus procured the discontinuance of their suit, it would hardly be contended that the Court would, under the assignment act, entertain the debtor's suit to have the mortgage declared void. Again, if a purchaser of the goods had acquired them with full knowledge of the mortgage, recognizing it in his purchase, surely it would not be void as to him. The true rule is thus laid down in Endlich on Statutes, section 86, "But it is the interpretation of general

words and phrases that the principle of strictly adapting the meaning to the particular subject matter in reference to which the words are used, finds its most frequent application. However wide in the abstract, they are more or less elastic, and admit of restriction or expansion to suit the subject matter.    While expressing truly enough all that the legislature intended, they frequently express more in their literal meaning and natural force, and it is necessary to give them the meaning which best suits the scope and object of the statute, without extending to ground foreign to the intention. It is, therefore, a canon of interpretation that all words, if they be general and not express and precise, are to be restricted to the fitness of the matter.    They are to be construed as particular if the intention be particular—that is, they must be understood as used in reference to the subject matter in the mind of the legislature, and strictly limited to it."

In accordance with this principle of construction, the same author says, in section 269, "An act which required that indentures for binding parish apprentices should be for the term of seven years at least, declaring that otherwise they should 'be void to all intents and purposes, and not available in any court or place for any purpose whatever,' was held, nevertheless, to make an indenture for a shorter term only voidable at the option of the master or apprentice; or, at all events, to leave it so far valid that service under it sufficed to gain a settlement.

"The act of 3 Hen., 7, c. 4, which declared that gifts of goods and chattels in trust for the donor and in fraud of his creditors, should be 'void and of none effect,' was early held to be so only as to those who were prejudiced by the gift, but not as between the parties."    See, also, *Kaufman* v. *Carter,* 67 S. C., 312.

The cases relied on by appellant as sustaining his view are very different in principle from this case.    In *Fitchner* v. *Fire Association,* 103 Ia., 276, the pretended mortgage was to a fictitious person, and retained by the party who signed it in

his own possession. There was no mortgage, no debt, no delivery.

In *Pitney* v. *Ins. Co.*, 65 N. Y., 6, the question was whether insured had sold the property, and, therefore, annulled the policy. The policy contained no clause against transfer. There was proof of a verbal agreement to sell which, under the statute of frauds, was of no legal effect even between the parties. It was held that the title to the property was not changed and the policy was not avoided.

In *Insurance Company* v. *Asbury,* 102 Ga., 565, it was shown that the alienation of the property set up by the insurance company to defeat the claim was tainted with usury, and under the Georgia law absolutely void between the parties.

It will be seen in all these cases, the pretended sales and incumbrances before the Court were clearly void between the parties—mere attempts to transfer or mortgage property—and on this ground they were held not to avoid the policy.

We conclude that at the time of the fire, the stock of goods of Hilton & Co. was covered by a mortgage valid between the mortgagor and mortgagee, and that the policy, by its terms, was annulled by this incumbrance. In this view, it is obviously unnecessary to consider the alleged errors imputed to the Circuit Judge by the respondent.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.