## FIRST NATIONAL BANK OF FLORENCE v. EDWARDS *ET AL.*

### (132 S. E., 824)

1. JUDGMENT—CREDITORS ARE NOT BOUND BY SUIT BROUGHT FOR BENEFIT OF ALL, UNLESS THEY PARTICIPATE IN PROCEEDINGS.—One creditor or member of class may sue for benefit of all, but others are not bound unless they participate in proceedings, prove their claims, or otherwise join in proceeding.

2. Judgment—Judgment Creditor, Having no Notice of and not
Participating in Former Suit by Another Creditor to Set Aside
Deeds Given by Debtor, is not Barred From Maintaining Later
Action for Same Purpose.—Judgment creditor, who was not party
or had no notice of former action brought by different judgment
creditor to set aside deeds given by debtor, is not barred from
bringing later action, having for its object the same purposes;

Before Featherstone, J., Darlington, 1924.    Affirmed.

Action by The First National Bank of Florence against
C. B. Edwards, in his own right and as Trustee for Mary
R. Edwards, and others.    From an order striking out por-
tions of the answer, defendants appeal.

The judgment of the Circuit Court is as follows:

"Motion heard by me, at Darlington, to strike out a cer-
tain paragraph of defendant's answer, as constituting no
defense to this action; it being agreed at the hearing that I
should also pass upon the question on the merits, as to
whether or not the judgment of the Court in the case of
Dunlop Milling Company *et al.* against the same defendants,
is a bar to this action.

"The facts, briefly stated, are as follows:

"Certain creditors of Edwards obtained judgment against
him.    Failing to realize on their executions, two of them,
Dunlop Milling Company, and one other, brought action
against the judgment debtor and his grantee, to set aside cer-
tain deeds on the ground that they were voluntary, for fraud,
under the Statute of Elizabeth, and that they were ob-
noxious to the Assignment Act.    That action resulted in a
decree sustaining the deed.

"The plaintiff, in this action, was not made a party of rec-
ord to that action, but his judgment was recovered prior to
its institution.

"In the former action, the plaintiffs who sought to set
aside the deeds prayed that, after they were vacated, the
lands embraced therein be applied to the payment of the
debts of the grantor according to their legal rank and pri-
ority.    The plaintiff in this action, so far as the facts before

me show, had no notice of the pendency of the former action, nor was it invited in, nor did it take any part therein.

"The contention of the defendants is that, the former action being in the nature of a creditor's bill and brought by creditors who belonged to the same class as the plaintiff, who, if the deeds had been set aside, would have shared in the fruits of the victory, the judgments in the former action are a bar to the present action, and that plaintiff is bound thereby.

"It is true that there is a class of actions which can be brought by one or more, for the benefit of all, in which actions all who belong to that class are bound by the result. The case of *State v. C. & L. N. G. R. R. Co.,* 13 S. C., 290, relied upon by defendants, is a typical illustration of that class of cases. There an action was brought by certain taxpayers of a County, against the County Commissioners, to enjoin them from issuing certain railroad-aid bonds, upon the ground that the County was without constitutional authority to issue the same. The action was dismissed and the bonds sustained. Later another action was brought by the State *ex relatione* Brown against the railroad and the bondholders, asking that the same bonds be declared a nullity upon the same constitutional ground. The Court held that the judgment in the first action was a bar to the second.

"But the Court in that case, in making the statement that the doctrine of estoppel will be applied where a creditor's bill is brought, for the benefit of all of a class, uses this language: 'This right of representation is, however, from its nature subject to the restriction that the door of the controversy must be opened to all of the class represented who may, on certain conditions, unite in exercising control over the prosecution of the remedy.'

"The case is not controlling here, for two reasons: First, the facts are not the same, there the only question before the Court, in both actions, was the power of the County to

issue the bonds under the Constitution, a question of law pure and simple; and, second, there the persons first bringing the action had rights identical in interest with the parties to the second action, the Court holding that the fact that the second action was brought in the name of the State did not affect the rule.

"Here, in this case, each of the judgment creditors had a right to institute his action and go to trial upon the facts in his possession. It is true that, if the plaintiff had been invited into the former action and had gone and participated therein, it would have been bound by the result, or, if the Court had enjoined all creditors from proceeding except in that action or had taken possession of the funds and called in the creditors, and plaintiff had had notice thereof, it would have been bound. See *Ex parte Spragins*, 44 S. C., 76; 21 S. E., 543. But I know of no case which holds, nor can I conceive of any principle of justice or right which will enable any Court to hold, that a man is bound by the judgment in a case to which he was not a party and over which he had no control.

" 'The principle is as old as the law, and is of universal justice, that no one shall be personally bound until he has had his day in Court, which means until citation is issued to him, and opportunity to be heard is afforded.' *Mason v. Eldred,* 6 Wall., 231; 18 L. Ed., 783.

"One creditor or member of a class, may sue for the benefit of all, but the others are not bound unless they participate in the proceedings, prove their claims, or otherwise join in the proceeding. 34 C. J., p. 1002; note to *Goldberg v. Loan Co.,* 140 Am. St. Rep., 787; note to *Hill v. Bain,* 2 Am. St. Rep., 877.

" 'The plaintiff in the former action could have made the plaintiff here a party, or, no doubt, the defendants could have had it made a party, in which event, it would, of course, have been bound by the judgment, but this was not done.

"Again, in 34 C. J., p. 1013, we find the following statement, in the text, which is abundantly supported by the cases cited: 'There is, in general, no such privity between several creditors of the same debtor, that proceedings taken by one against the fund, estate, or specific property to which all must look for satisfaction will raise an estoppel as regards the others, unless such others were made parties to the action or were adequately represented therein.'

"Again this case is practically settled or ruled by *Clyburn v. Reynolds,* 31 S. C., 91; 9 S. E., 973, and *Sartor v. Land Co.,* 104 S. C., 187; 88 S. E., 467. The judgment in former case was not one *in rem.* See 34 C. J., note 89-B, and note 90, p. 1171. *Kenmore Shoe Co. Case,* 50 S. C., 140; 27 S. E., 682, not in point. There, in a creditor's bill, the Court took possession of the *res,* called in creditors, and the corporation held to be conceived in fraud was before the Court.

"It can be said that it is hard on the defendants to be made to defend another action which has for its object the same purpose, but that is not so harsh as it would be to deprive the plaintiff of its day in Court. It is, therefore, ordered that so much of the answer of defendants as set up in the judgment of the Court in the former action by way of bar to this action, be stricken out, and it is ordered, adjudged, and decreed that the plaintiff in this action is not precluded from maintaining this action by reason of the said judgment in the said former action."

*Mr. Geo. H. Edwards,* for appellants, cites: *Where general or common interest exists one may sue for all:* Code Civ. Proc., 1922, Sec. 362. *Suit by one for whole class binds whole class:* 13 S. C., 290. *Conditions necessary to sustain plea of res adjudicata:* 123 S. C., 236; 68 S. C., 460; 55 S. C., 507; 17 S. C., 35. *Privy parties defined:* 17 S. C., 35. *Action to set aside conveyance is in rem:* 20 Cyc., 714. *Judgment in rem conclusive of status of res:* 50 S. C., 140; 12 A. & E. Enc. of Law, 149; 23 Cyc., 1406. *Goods*

*of debtor fraudulently transferred to corporation formed*
*to defraud creditors may be pursued:* 50 S. C., 140. *Deed*
*set aside as fraudulent treated as nullity; suing creditors*
*not entitled to preference:* 56 S. C., 119; 44 S. C., 65; 41
S. C., 50; 39 S. C., 203; 3 Strob. Eq., 58; 1 McC. Eq., 578;
1 Hill Ch., 338; 20 John's, 442; 10 John's, 508.

*Mr. Phillip H. Arrowsmith* for respondent.

April 26, 1926.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

We have made a careful examination of the authorities
applicable to the questions involved in this case, and the rea-
sons stated by his Honor, Judge Featherstone, in his order,
for his conclusions, are entirely satisfactory to this Court.

The judgment of this Court is that the judgment of the
Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS
anl BLEASE concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE BLEASE (concurring) : While the dissent-
ing opinion of Mr. Justice Cothran presents some interest-
ing questions, I concur in the opinion of Mr. Justice Stabler,
that the order of Hon. C. C. Featherstone, Circuit Judge,
should be affirmed, and desire to express, briefly, some rea-
sons therefor.

It appears from the order of the Court that, in the hear-
ing on the motion to strike out paragraph IX of the answer
of the defendants, the parties agreed that the Judge should
also pass upon the merits of the question as to whether or
not the judgment of the Court in the case of Dunlop Milling
Company *et al.* against the defendants in this case is a bar
to this action.

Apparently, as the record seems to disclose, the defendants
in their plea of *res adjudicata* cannot show more than they
alleged in their answer. It will be observed, too, that the

Circuit Judge concluded, so far as the facts before him showed, that the plaintiff "had no notice of the pendency of the former action, nor was it invited in, nor did it take any. part therein." And there has been no appeal from that particular determination.

In the case of *Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420, cited by Mr. Justice Cothran, this rule was laid down:

"So that, in order to invoke the principle of *res adjudicata* against one not a party to the action in which the judgment was obtained, it must appear, in the action in which that principle is invoked: (1) That such person was legally bound to, at least partially, indemnify the defendant in the first action against the recovery suffered by him therein. (2) That he was seasonably notified of the nature and pendency of the action, and of the time and place of trial."

In that case, this Court held that the plea of *res adjudicata,* claimed there, was not established because "the duty of the plaintiff to give reasonable notice to Blankenship was scantily performed," since it appeared that the only information given was simply a statement that "a lawsuit was pending between" the other parties.

It seems clear to me, from a reading of the case of *Robbins v. Chicago,* 4 Wall., 657; 18 L. Ed., 427, referred in *Newell v. Blankenship, supra,* that those who are not parties to the cause, but who have a direct interest therein, must at least "have knowledge of its pendency" before they can be precluded of any right as to matters involved in the litigation.

Since the Circuit Judge held as he did on the facts as to failure to give the plaintiff any notice of any kind of the Dunlop suit, it is obvious that the *Newell Case* and the *Robbins Case* are authorities to sustain his legal conclusions.

As suggested by Mr. Justice Cothran, an anomalous situation may arise if the plaintiff is successful in its suit. But, if that situation does come about, it does not seem to

me that the plaintiff will be responsible therefor. To the contrary, the blame, if any, must rest upon the parties to the Dunlop suit; and the defendants here were defendants there. All the parties to the Dunlop suit were charged with at least constructive notice that the plaintiff was a judgment creditor. When they failed to make the plaintiff a party to the former action, and when they neglected to give the plaintiff any kind of notice of the pendency of that litigation, they were guilty of negligence. If any peculiar situation should arise as the result of the negligence of the parties to the Dunlop suit, without any negligence on the part of the plaintiff herein, I do not see why the plaintiff should be made to suffer the loss of any legal right it may have.

Atttention should also be called to the fact that the defendants made no objection before Judge Featherstone as to the manner in which the questions submitted to him were raised. In fact, they agreed to the procedure. No point was made that plaintiff should have demurred to the answer. The defendants practically said to the Court that their answer alleged all the facts that they would be able to establish by testimony, and agreed for the Circuit Judge to say if those facts were sufficient to establish their plea that plaintiff's suit was barred by the judgment in the *Dunlop Case.* The exceptions before us only charge error on the part of the Circuit Judge in his conclusions that this action is not barred by the judgment in the former action, and that the plaintiff was not estopped by reason of that judgment.

The only question for this Court to pass upon is, if the plea should be sustained by proof, would the plaintiff thereby be barred? The Circuit Judge has answered in the negative, and I am inclined to feel that he answered correctly.

Mr. Justice Cothran (dissenting) : I think that the order of his Honor, Judge Featherstone, should be reversed for the following reasons:

The action is for the purpose of setting aside certain deeds executed by the defendant, C. B. Edwards, to various

parties, upon the ground that they are fraudulent and void under the Statute of Elizabeth and under the Assignment Act. The defendants in their answers denied the material allegations of the complaint, and set up the following separate defense:

"IX. That for a further defense, these defendants allege that, on the 5th day of December, A. D. 1923, in the Court of Common Pleas for Darlington County, in an action brought in the said Court by the Dunlop Milling Company, a corporation, against C. B. Edwards, in his own right, and as Trustee for Mary R. Edwards *et al.,* for the benefit of said plaintiff, the Dunlop Milling Company, and all other judgment creditors of said C. B. Edwards, including the plaintiff herein, who was one of said judgment creditors at the time of the commencement of said action, for the same cause of action as that set forth in the complaint herein, a final decree was rendered therein which was duly filed in the office of the Clerk of this Court, on the 5th day of January, A. D. 1924, whereby the defendants in said action, who were also the defendants in this action, recovered judgment duly given, upon the merits thereof, against the plaintiff therein and the other judgment creditors of said C. B. Edwards, and all the transactions, transfers, deeds, conveyances, assignments, and mortgages, constituting the causes of action therein and also the causes of action in this case, were adjudged and decreed to have been made upon and for good and valuable consideration and *bona fide* in all respects; and that the defendants herein plead the said judgment and decree in bar of this action."

After the service of the answers, the plaintiff gave notice of a motion for an order striking out the defense above stated, upon the ground that it is *"irrelevant, redundant, and prejudicial to the rights of the plaintiff,"* which motion was noticed to be made upon the complaint, the answers, and the judgment roll in the case of *Dunlop Milling Company against C. B. Edwards et al.*

The motion was heard by his Honor, Judge Featherstone, who signed an order striking out so much of the answer as sets up the judgment of the Court in the former action by way of bar to the present action, and holding that the plaintiff in this action is not precluded from maintaining it by reason of the former judgment. From this order the defendants have appealed.

The decree is founded upon the idea that one is not bound by a judgment to which he is not a party. The general rule is that, of course. But there are exceptions to it. The rational rule is thus stated:

In 34 C. J., 992, it is said:

"In the strict sense of the term only those are parties to an action within the doctrine of *res judicata*, whose names appear on the record as such, and who have continued in the case without being dismissed or stricken out, including those who intervene or connect themselves with the record by entering an appearance or filing an answer or other pleading. But in the larger sense the term 'parties' includes all persons who have a direct interest in the subject matter of the action and have a right to control the proceedings, make defense, examine witnesses, and appeal if any appeal lies; and, if a person who has such an interest in the subject matter as would be injuriously affected by the judgment, or is in privity with, or bound to indemnify, one of the parties, has notice of the pending of the action and refuses or neglects to appear and avail himself of his rights, he will be concluded by the judgment although not named as a party to the action."

It is said in the case of *Goldberg v. Sisseton Co.,* 24 S. D., 49; 123 N. W., 266; 140 Am. St. Rep., 775:

"The rule as thus stated is calculated to prevent unnecessary litigation by practically a retrial of the action, in which though not nominally parties to the action, are interested in the result and have an opportunity in the one action to protect themselves, and to bring before the Court in the

one action all defenses that might be made in the second action, and thus prevent unnecessary litigation."

While the rule stated in C. J. above is sustained by many authorities, there are a few which hold that mere knowledge on the part of the stranger to the record is not sufficient. See *Whitesides v. Barber,* 24 S. C., 373, and the succeeding paragraph in C. J. See, also, *Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420.

In *Robbins v. Chicago,* 4 Wall., 657; 18 L. Ed., 427, quoted with approval in *Newell v. Blankenship, supra,* the Court said:

"Parties in that connection include all who are directly interested in the subject matter, and who had a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having those rights substantially are regarded as strangers to the cause, but all who are directly interested in the suit *and have knowledge of its pendency,* and who refuse or neglect to appear and avail themselves of those rights, are equally concluded by the proceedings."

I do not consider it essential in this appeal to decide whether the simple knowledge of the plaintiff bank that the Dunlop Company had instituted an action for the benefit of all judgment creditors would be sufficient to bind it to the adjudication in which that case resulted, although strongly inclined to that view. It does not seem fair, if the bank knew of the Dunlop suit and its purpose, for it to lie by until that case should be decided; and if favorably to the judgment creditors to come in and share in the fruits, but, if unfavorably, to institute a suit in its own behalf, raising precisely the same questions, with the benefit of a full disclosure of the defendant's case. If the decision in the Dunlop Case had been in favor of the judgment creditors, undoubtedly the bank would have been ready with its piggin to receive its share of the proceeds; it would quickly have been informed of that proceeding and its result. I do not

think that it is entitled to occupy the position of accepting a favorable result or of repudiating an unfavorable one.

To sustain the present proceeding would result in the anomalous situation that, if the plaintiff should succeed, the property would be subject to the existing liens upon it, including the Dunlop judgment and those of the other creditors parties, against which it has been adjudicated that the transfers were valid. See *Curlee v. Rembert,* 37 S. C., 214; 15 S. E., 954. *Younger v. Massey,* 39 S. C., 115; 17 S. E., 711. *Ryttenberg v. Keels,* 39 S. C., 203; 17 S. E., 441. *Belknap v. Greene,* 56 S. C., 119; 34 S. E., 26. *Mann v. Poole,* 44 S. C., 65; 21 S. E., 543.

I do not think that it can be questioned but that, if the plaintiff bank had been formally notified of the institution and purpose of the Dunlop suit, and had refused to come in to it, the bank would be concluded by the adjudication in that suit. It certainly is true that, although not a formal party, if it had participated in that suit, it would be likewise concluded. It may be questioned, as I have stated, whether simple knowledge of the suit would have concluded it.

In order then for the defendants to have availed themselves of the plea of *res judicata,* they should have alleged either that the bank was formally notified or that it participated, or possibly that it had actual notice. The defense which has been stricken contains no allegation of any one of these conditions, and, was subject to a demurrer, and, upon sustaining it, the Court would doubtless have permitted an amendment curing the defective statement. But a motion to strike out a defectively stated defense, and thereby to cut the defendant off from all possibility of getting before the Court a perfect defense, is not the remedy. It is possible that the defendants may allege and prove formal notice to the bank, or that it had participated in the preparation and conduct of the case, or that it had full knowledge of its institution and purpose; I do not know. In any event, the defense, though defectively stated, cannot be considered irrele-

vant or redundant. As is said by the Court in *Germofert Co. v. Castles,* 97 S. C., 389; 81 S. E., 665:

"It cannot be successfully contended that the allegations of the defense which the plaintiffs made a motion to strike out have no connection with, nor effect upon, the plaintiff's cause of action."

The worst that can be said about them is that they constitute a defective statement of what may be a complete defense, the remedy to correct which is a demurrer and not a motion to strike; they certainly are not irrelevant or redundant. As is said of sham and frivolous pleading, in the case of *Boylston v. Crews,* 2 S. C., 422:

"It is not the purpose of such a motion to enable the plaintiff to take advantage of defects or inadvertences in the form of pleading, to meet the charge of frivolousness [and I may add irrelevancy], the pleading must be of that character in its entire scope and bearing and not *merely through a formal defect that might be cured by amendment.*"

"Any insufficiency of the allegations of a plea, which manifestly are not irrelevant or frivolous, should be availed of by demurrer and not by motion to strike." *Bank v. Bank,* 5 Ala. App., 363; 59 So., 348.

In *American Co. v. Insurance Co.* (D. C.), 199 F., 195, it is held that, if the defendant's plea fails to show a substantial cause of defense, the plaintiff's remedy is by demurrer and not by motion to strike.

In *Sloss Co. v. Webb,* 184 Ala., 452; 63 So., 518, it is held:

"Where a plea could be amended so as to properly state a defense without a departure, plaintiff's remedy was * * * not by motion to strike."

"A merely defective plea, wanting in fullness or otherwise subject to demurrer cannot be tested by a motion to strike from the files." *Hammond v. A. Vetsburg Co.,* 56 Fla., 369; 48 So., 419. *Insurance Co. v. Putnal,* 57 Fla., 199; 49 So., 922.

Inasmuch as the Circuit Judge states in his order that the parties had agreed that he should decide the matter of the defense upon its merits, his order might be considered as an order sustaining a demurrer to the defense, and the case remanded to the Circuit Court with leave to the defendants to amend their answer by perfecting the defense. In no wise can it be sustained as an order striking out the imperfectly stated defense.