16038

WALKER v. WILLIAMS
(46 S. E. (2d) 249)

*Messrs. Francis R. Fant* and *O. H. Doyle,* of Anderson, for Appellant,

*Mr. Leon L. Rice,* of Anderson, for Respondent,

February 3, 1948.

FISHBURNE, Justice: This action was brought to try title to and recover possession of a tract of land containing nine and 71/100 acres situated in Anderson County.

Clorie Winston, the original owner, died intestate in 1917, seized and possessed of the land described in the complaint. Her husband, E. W. Winston, was one of her heirs at law. On March 15, 1934, he executed a note secured by a mortgage of the premises to Susie Jenkins, administratrix of the estate of P. W. Williams, deceased. The mortgage debt was $97.00, and the mortgage was duly recorded.

Subsequent to the death of Clorie Winston, the land was returned for taxation in the name of "Heirs of Clorie Win-

ston, deceased." On February 6, 1939, the tax collector for Anderson County sold the property for taxes unpaid and delinquent for the years 1928 through 1937. The total unpaid taxes amounted to $66.99. At this tax sale one George Swaney was the successful bidder, and the land was sold to him for $100.00, the amount of his bid. After the expiration of one year, to wit, on February 7, 1940, the tax collector executed and delivered to George Swaney a deed conveying the premises to him, which deed was duly recorded, and under which he went into possession. This tax deed is not included in the record, but it is conceded that it recites that all of the formalities of a tax sale had been complied with in accordance with law, and that the land was assessed, levied upon, and sold as the lands of the "Heirs of Clorie Winston, deceased."

It appears from the record that the mortgage hereinabove referred to, given by E. W. Winston to Susie Jenkins, administratrix, was assigned to Conyers Biven and Susie W. Riley, and that they commenced a foreclosure suit on February 3, 1943, against E. W. Winston, George Swaney and others. In this action, commenced more than two years after the tax sale, they attacked the validity of the tax deed executed and delivered by the tax collector to Swaney, upon the ground that essential requirements of a valid tax sale were not complied with. It was alleged in the complaint that the mortgage in question was assigned to the foreclosing plaintiffs, but there is no allegation that the assignment was ever recorded.

The defendant, Swaney, demurred and answered, alleging, among other things, that the assignment of the mortgage was not recorded and therefore that the mortgagees were not entitled to notice from the Tax Collector before making title. The case, however, insofar as Swaney was concerned, was decided against him upon the ground that the assessment and levy were not made in the name of the true owner of the property. For this reason it was held that the tax deed delivered to him was a nullity, and that the two-year statute

of limitations, Code, Section 2827, did not apply. The case was then referred to the Probate Judge to take the testimony, which was taken and thereafter duly reported to the court, resulting in a foreclosure decree under which the land covered by the mortgage was sold at public sale and bought by Stonewall Walker. The deed to him covering the premises is dated December 28, 1945.

The present case was commenced September 25, 1946, by Stonewall Walker against the defendant, Will Williams, who claims title to the land as grantee under a deed executed and delivered to him by George Swaney on February 10, 1943, and recorded February 20, 1943, under which he immediately went into possession.

Although the foreclosure proceeding brought by *Biven and Others v. Winston, Swaney and Others* was commenced February 3, 1943, the *lis pendens* in that action was not filed until March 1, 1943, so that it is apparent that the deed from Swaney to the defendant, Williams, was executed and recorded prior to the filing of the *lis pendens*.

No testimony was taken in the case now before the court, but it was agreed that upon trial on circuit the testimony taken in the foreclosure action, and certain testimony taken before a local magistrate in an ejectment proceeding brought against the present defendant, would be used in the current case.

The defendant, Will Williams, filed several defenses: First, that the present action is barred by virtue of the two-year statute of limitations; second, that the tax deed executed by the tax collector of Anderson County· to George Swaney, his predecessor in title, was good and valid; and, third, that he was in no way bound by the orders and decree in the foreclosure action of *Biven v. Winston, Swaney and Others,* because he was not a party to that action, and had no notice, actual or constructive, of the pendency of that proceeding. The circuit court overruled all of these defenses.

It held, among other things, that the tax deed made to Swaney was null and void because the land was assessed and sold in the name of the "Heirs of Clorie Winston, deceased," and that Swaney's grantee, Will Williams, the defendant in this action, was not an innocent purchaser for value without notice.

In order to clarify the situation, it will be necessary to make further reference to the testimony which was before the circuit court. The evidence shows that while the foreclosure action of *Biven v. Winston, Swaney and Others* was pending, the appellant, Williams, was in possession of the land, and was engaged in building a house thereon. While so engaged, and while the action was still going on, he was approached by respondent's attorney, who told him that he was building his dwelling on somebody else's land, and warned him to stop and make no further improvements thereon until the case was terminated. Appellant told him that he had a good deed from Swaney, and proceeded to complete the construction of his house. The only reasonable inference to be drawn from the evidence is that the appellant, who is a Negro, had no notice of the nature of the foreclosure proceeding then pending to which his predecessor in title, Swaney, was a party. He was told that the heirs of Clorie Winston were the ones who were questioning his title and possession. The only information given him was that the heirs of Clorie Winston were seeking to dispossess him.

Although it was known that he held title and that his deed was recorded prior to the filing of the *lis pendens,* he was not made a party to the pending foreclosure proceeding. It is true that some time during the progress of the foreclosure suit he accompanied Swaney to the office of the attorney who was then representing Swaney, but there is no testimony as to what was disclosed to him as to the nature of the proceeding then pending against Swaney. The appellant testified that when he bought the land from Swaney and received his deed, he immediately went into possession and started the building of his house, and that at that time

he was not told and had no knowledge that any suit was pending against Swaney. He said, "Ain't nobody tole me anything about this land." It will be recalled that the appellant, Williams, received and recorded his deed prior to the filing of the notice of *lis pendens* in the foreclosure case.

We will first dispose of the question as to whether or not the tax collector's deed to George Swaney was invalid because the land was assessed in the name of "heirs of Clorie Winston, deceased." So far as appears from the record before us, the land was so returned following the death of Clorie Winston, who died intestate leaving several heirs at law, one of whom was her husband, E. W. Winston, and there was no administration of her estate. Year after year it was returned on the tax books as above stated, until finally it was sold by the tax collector, in 1937, for taxes which had remained unpaid for ten years, and at this sale it was purchased by George Swaney.

As shown in *Carter v. Wroten,* 187 S. C. 432, 198 S. E. 13, 119 A. L. R. 379, where there is no administration of the estate of a person dying intestate, it is sufficient to assess land as belonging to the "heirs" of such decedent. So that there is no merit in the contention that the property was not listed, assessed, and levied upon in the names of the true owners. See also *Fischer v. Bennett,* 202 S. C. 534, 25 S. E. (2d) 746.

It is a fundamental principle that a party cannot be affected by a proceeding in court to which he was not a party, and in which he had no opportunity of being heard. The appellant, Will Williams, was not a party to the foreclosure suit of *Biven v. Winston, Swaney and Others,* in which it was held that the tax collector's deed to Swaney was null and void. Nor did he have any actual notice of the pendency of such proceeding when he purchased the property and went into possession. Therefore, he is in no sense bound by that judgment. The statute (Sec. 432) provides: "From the time of filing (the *lis pendens*) only,

shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby * * *." It follows that in the present action he was at liberty to plead any defense available to him.

He set up as a bar to this action the two-year limitation contained in Section 2827 of the 1942 Code, which section is as follows:

"In all cases of sale the sheriff's deed of conveyance, whether executed to a private person, a corporation or the sinking fund commission, shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all requirements of the law have been duly complied with. No action for the recovery of land sold by the sheriff under the provisions of this article, or for the recovery of the possession thereof, shall be maintained unless brought within two years from the date of said sale."

The foregoing statute and its application was fully discussed in *Leysath v. Leysath,* 209 S. C. 342, 40 S. E. (2d) 233. It was there held that the statute does not apply in cases where by reason of some jurisdictional defect the tax deed is absolutely void on its face, but that all defects, irregularities, informalities, errors and omissions in antecedent proceedings of assessment, taxation, and sale, which are not jurisdictional, are cured and foreclosed when the statute has run.

In this case it is conceded that the tax collector's deed to Swaney was regular in form, and no defect is claimed to be shown on its face other than the one we have just disposed of relating to the assessment. It contains all of the usual recitals common to such conveyances.

A tax deed executed and delivered by the proper officer is *prima facie* evidence of good title, and that every prerequisite of the statute as to the sale of delinquent lands has been complied with. *Heyward v. Christ-*

*ensen,* 80 S. C. 146, 61 S. E. 399. A tax title is presumed to be good, and the burden is upon the party attacking it to show any defect or irregularity therein. *Gadsden v. West Shore Inv. Co.,* 99 S. C. 172, 82 S. E. 1052.

Under Section 2827, a tax deed must be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all requirements of the law have been duly complied with. This is a presumption of law. As was said in *Glymph v. Smith,* 180 S. C. 382, 185 S. E. 911, 913, 105 A. L. R. 631, "It is a well-established rule that one holding a sheriff's deed for land purchased at a delinquent land sale for the non-payment of taxes has *prima facie* good title, but this presumption may be rebutted by proof of the noncompliance with the necessary legal prerequisites of the sale."

There is nothing in this record tending in any degree to rebut or overcome this legal presumption. We are, therefore, constrained to hold that this action is barred by the two-year statute of limitations.

It is stated in the circuit decree from which this appeal is taken, that "No evidence was submitted by the defendant to show a valid tax title." But as we have heretofore stated, the tax deed held by George Swaney, appellant's predecessor in title, was good on its face and appellant had a perfect right to rely upon it. The burden was upon the party attacking it to show a jurisdictional defect, and so far as appears from the record, no such defect was shown.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR, and OXNER, JJ., concur.