16451

CAWTHON v. CALVERT FIRE INS. CO. *ET AL.*
(62 S. E. (2d) 845)

*Messrs. Hingson & Todd,* of Greenville, *for Appellant,*

*Messrs. Nettles & Horton,* of Greenville, *for Respondent, Calvert Fire Insurance Company,*

January 3, 1951.

STUKES, Justice.

The complaint in this action is upon a policy of automobile insurance for recovery of alleged loss from theft and fire. The answer of the Insurance Company contains an allegation that the insured automobile was encumbered by a valid and outstanding conditional sales contract at the time of the issuance of the policy whereby the insurance coverage was suspended by reason of the following quoted policy provision:

"This policy does not apply:

"(b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."

Plaintiff interposed reply wherein it was alleged that Home Finance Company theretofore filed suit against plaintiff on a claimed mortgage and upon trial the issue of whether the mortgage had been paid was determined by verdict and judgment favorable to plaintiff; and that plaintiff did not know of the purported mortgage at the time she procured the policy from the defendant, and that it was not then a valid encumbrance upon the subject automobile.

The defendant moved for an order striking from the reply the matter to which reference has been made and this was granted by the trial court which held that it was irrelevant to the present action, and the allegation of it prejudicial by reason that the insurance company, now respondent, was not a party to the prior action alleged, could not have intervened and therefore has the right to litigate in the instant action the question of the existence of the alleged mortgage, regardless of the former adjudication of its non-existence by reason of payment.

Appellant states the issue as follows: May the judgment in an action on a chattel mortgage between the mortgagee and the mortgagor holding that the mortgage has been paid be pleaded in an action on an automobile fire and theft policy where the insurance company sets up as a defense to the action on the policy that such mortgage is a valid and subsisting lien?

At the outset of the brief it is conceded that if appellant's automobile was subject to a valid, outstanding and unpaid mortgage, knowingly undisclosed by her at the time of the procurement of the policy, the latter was avoided under the terms of the cited provision. 29 Am. Jur. 501, Insurance, Sec. 624, *Jeffords v. Tokio Marine & Fire Ins. Co.,* 123 S. C. 467, 117 S. E. 79. *De Shields v. Insurance Co. of North America,* 125 S. C. 457, 118 S. E. 817. But it must have been valid, outstanding and unpaid. Sec. 626. The same in substance is 45 C. J. S., Insurance, § 532b, page 266. A chattel mortgage which will avoid a policy is one which is valid and forecloseable. *Secrest v. Hartford Fire Insurance Co.,* 68 S. C. 378, 47 S. E. 680.

The texts just cited will be quoted, as follows:

"An encumbrance within the meaning of a provision of an application for insurance requiring disclosure of encumbrances on the property for which insurance is sought, or of a condition in the policy avoiding it if the property is

encumbered by a mortgage or other lien, refers to an encumbrance which is a valid and subsisting lien against the property. It is undisputed that a mortgage or judgment which has in fact been paid, although not discharged of record, is not an encumbrance within such a provision." 29 Am Jur. 503.

"A mortgage which has been satisfied, released, or discharged, even though such satisfaction, release, or discharge does not appear of record, is not an encumbrance which insured must disclose; and the same rule applies to a mortgage barred by the statute of limitations, or to one which the mortgagee is estopped to enforce." 45 C. J. S., Insurance, § 532, page 266.

A leading case on the general subject, which involved prohibited occupancy under a policy of fire insurance upon a building, is *Sumter Tobacco Warehouse Co. v. Phoenix Assur. Co.,* 76 S. C. 76, 56 S. E. 654, 10 L. R. A., N. S., 736, 121 Am. St. Rep. 941, 11 Ann. Cas. 780, opinion by Mr. Justice woods. It was heavily relied upon in the subsequent case of *Cottingham v. Maryland Motor Co.,* opinion by Chief Justice Clark, 168 N. C. 259, 84 S. E. 274, L. R. A. 1915D, 344, which, like the policy sued upon in the instant case, covered an automobile and included a similar clause against encumbrances. The latter was violated but the mortgage lien was satisfied before fire loss and recovery was permitted.

The lower court decided the issue here upon the principle that ordinarily only parties thereto and their privies are effected by a prior adjudication, citing 30 Am. Jur. 954, and our decisions of *First National Bank v. Edwards,* 134 S. C. 348, 132 S. E. 824; *Battle v. DeVane,* 140 S. C. 305, 138 S. E. 821, 826; *Walker v. Williams,* 212 S. C. 32, 46 S. E. (2d) 249.

However, the text reference is a rule of *res judicata* and the cited cases may be distinguished from the present problem, which will be briefly done. In *First National Bank*

*v. Edwards, supra,* a creditor sued to set aside a debtor's deed for fraud after similar action by other creditors had resulted unsuccessfully and it was held by a divided court that the plaintiff was not thereby concluded upon its right of action because it was not a party to, did not participate in the prior action and there is generally no privity between creditors of a common debtor. In *Battle v. DeVane, supra,* the court held that the record of the former judgment was admissible, quoting, "to support the claim of *res judicata,* or not at all," which is not the ground of admissibility in the instant case, as will be seen. As was the last cast mentioned, *Walker v. Williams, supra,* there was a controversy respecting the title to land and owner who purchased prior to the filing of *lis pendens* was held to be unaffected in his rights by the ensuing action of foreclosure to which he was not a party, and the record of it inadmissible against him. Additional South Carolina decisions are cited by respondent in support of the order under appeal but we think that all of them are properly distinguishable on their respective facts and this opinion would be needlessly prolonged by reviewing them here. None was concerned with facts near those now presented.

The unusual case now before us falls without the rule of *res judicata* and is within the contemplation of the following from the Restatement of the Law of Judgments, Sec. 93, page 466: "As stated in sec. 111, the rendition of a judgment may be a relevant fact in an action between third persons because of a relation between them, not because of any rule of *res judicata* but because of the terms of their contract." Similarly applicable is the following from 1 Freeman on Judgments, 1925, 893: "A judgment may be admissible in actions involving strangers to it where their interests hang as incidents or consequences therefrom." *Key v. Dent,* 14 Md. 86. Footnote to the text: "Where a city charter obligates the city to refund money received on a sale under assessments for local improvements, when the deed or certificate is adjudged invalid, the judgment invalidating such deed

or certificate is at least *prima facie* evidence against the city in the absence of mistake, fraud or collusion, even though it was not a party to the action. *Otis v. City of St. Paul,* 94 Minn. 57, 101 N. W. 1066; *Millius [Willius] v. City of St. Paul,* 82 Minn. 273, 84 N. W. 1009."

From 50 C. J. S., 387, Judgments, § 821 b, page 387, ▋ is the following: "A judgment is admissible against strangers to prove the fact and time of its rendition or entry and the legal consequences resulting therefrom."

A case almost precisely on all-fours in facts with that in hand, and the same in principle, is *Norfolk Packing Co. v. American Insurance Company,* 1930, 120 Neb. 19, 231 N. W. 148, 151, which may be best stated by quoting from the opinion of the court, as follows: "The defendant further contends that the trial court erred in ignoring the provisions of the policy relating to additional insurance. The policy contained the following clause: 'If there shall be any other tornado insurance or contract of tornado insurance, whether valid or not, on the property described herein, claim upon this company shall be only for such proportion of the loss as the amount of this policy shall bear to the whole insurance.' The defendant alleges that the Phoenix Assurance Company, Limited, of London carried a $5,000 policy of insurance on the property damaged, and that the defendant company is liable, if at all, only for its pro rata share of the damage. The record discloses that the plaintiff sued the Phoenix Assurance Company on its policy, and that the defense set up was, (1) that the property damaged was not covered by the policy, and (2) that there was no windstorm on the day the damage occurred, and (3) that proofs of loss had not been furnished as required by the policy. The reply was a general denial of the first two defenses and set up a waiver of proofs of loss as to the third. The findings of the trial court in said action were as follows: 'The court finds that there is no proof sufficient to establish plaintiff's cause of action or any liability on the part of defendant to

the plaintiff under said policy of insurance and that plaintiff has failed to prove its case.' The issue as to whether the policy of insurance of the Phoenix Assurance Company covered the property damaged having been raised in the case of *Norfolk Packing Company v. Phoenix Assurance Company* tried in the district court for Madison County, decided adversely to the plaintiff therein, and not appealed from, shows that, as a matter of law, the policy of the Phoenix Assurance Company did not cover the property damaged. The contention of defendant that it is liable, if at all, for a pro rata part of the amount of its policy is without merit."

South Carolina decisions in keeping with the foregoing rules of the competency under varying circumstances of former judgments for and against subsequent litigants, who were not parties to the prior actions which resulted in the judgments, are found in West's Southeastern Digest and supplements, Judgments. Par. 708 *et seq.* Among them are: *Koogler v. Huffman*, 1 McCord 495; *Middleton v. Thompson*, 1 Speers 67; *McCollum v. Fitzsimons*, 1 Rich. 252; *Phillips v. Yon*, 61 S. C. 426, 39 S. E. 618; *Martin v. Ragsdale*, 71 S. C. 67, 50 S. E. 671; *Carlisle v. Farrow*, 74 S. C. 527, 54 S. E. 766; *Mitchell v. Cleveland*, 76 S. C. 432, 57 S. E. 33; *Westchester Fire Ins. Co v. Bollin*, 106 S. C. 45, 90 S. E. 327; and *Fitchette v. Sumter Hardwood Co.*, 145 S. C. 53, 142 S. E. 828, in which latter there is considerable discussion of various aspects of the question but most of it is inconclusive.

Of our foregoing authorities that which nearest approaches the present problem appears to be *Westchester Fire Ins. Co. v. Bollin*, 106 S. C. 45, 90 S. E. 327, 328, which was an action for damages against plaintiff's agents for failure to cancel a policy as instructed, after which loss occurred and plaintiff was held liable in an action on the policy. It was contended as here that the former judgment was inadmissible because the then defendants were not parties to that ac-

tion. This ground of appeal was dealt with quite summarily in the opinion, as follows: "The first question raised is the admissibility of the judgment roll in the case of *Welsh v. Westchester Fire Insurance Company*. The loss of the plaintiff in this action was the amount it paid in the *Welsh Case*. Now, whether the defendants were liable for the whole or any part of that loss was another question, but the amount of plaintiff's loss, by reason of the policy issued through the defendants, was relevant and the best evidence was found in the official record. This point is overruled." This reasoning is applicable here and we think should be followed, which requires reversal of the order under review.

We do not undertake in this appeal to decide whether the adjudication of the former action is conclusive of the claims of the present litigants with respect to the issue or issues there decided, because that further point is not presented by the present appeal. We do hold that the alleged judgment is admissible in evidence upon trial of the case in hand, if otherwise relevant, and was, therefore, properly pleaded in the reply. There is in the present record no claim of fraud or collusion in the procurement of the judgment, so we have of course considered it as a valid adjudication of the issue or issues there involved; but the particularity of it or them, such for instance as the time of payment of the mortgage with relation to the time of loss, does not now appear.

The order is accordingly reversed and the case remanded.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., not participating.